SCOTT *v.* SCOTT.

1. APPEAL AND ERROR—ON PERFECTED APPEAL JURISDICTION PASSES TO APPELLATE COURT.
   On appeal perfected, jurisdiction of cause is transferred to appellate court, and circuit court may make no further decrees or orders to alter, modify, or amplify decree appealed from.

2. SAME—ENFORCING DECREE WHERE NO BOND TO STAY PROCEEDINGS GIVEN.

> Where no appeal bond is given, proceedings to enforce decree may be had pending appeal and subject to final outcome, but such proceedings must be confined to those provided in decree or attached thereto by law.

3. DIVORCE—APPEAL AND ERROR—ENFORCING DECREE PENDING APPEAL.

> Where divorce decree, from which husband appealed but filed no bond to stay proceedings, gave wife lien on all of husband's real estate, decree enforcing said lien pending appeal is set aside, on modification of divorce decree.

4. SAME—ALIMONY—DECREE MODIFIED.

> Divorce decree giving wife lien on all of aged husband's real estate, with unlimited acceleration and power of sale, is modified, on appeal, and cause remanded to court below for such further orders and proceedings as future conditions may require.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted October 16, 1931. (Docket No. 140, Calendar No. 36,020.) Decided December 8, 1931.

Bill for divorce by Julia Scott against Winfield Scott. Decree for plaintiff. Defendant appeals. Modified, and remanded.

*William J. Branstrom,* for plaintiff.

*Harry D. Reber,* for defendant.

FEAD, J. In July, 1930, plaintiff, then 53 years old, had decree of divorce from defendant, 80 years of age. They had lived together 37 years, have four children, the youngest of whom is 23 years old, in ill health and cared for by his mother. They were industrious farmers, and, by their joint efforts, had accumulated considerable land and personal property.

Their son Charles seems to have been the principal contributing factor of their separation. He had managed the farm for some years, resented plaintiff's interference with his affairs, poisoned the mind of his father against his mother, and caused him to charge her with infidelity and to address her with vile epithets. There was other evidence of ill treatment. The details need not be recounted. We agree with the circuit court that plaintiff is entitled to a decree of divorce.

In the decree, plaintiff was awarded $250 costs and $5,000 as permanent alimony and in lieu of dower, payable $250 August 15th, and $125 semi-annually in January and July, with interest at 6 per cent. The award was made a lien in the nature of a mortgage on all the defendant's real estate, which was found and declared to have a market value in excess of $10,000, and the decree provided that, in case of default, plaintiff could petition for foreclosure.

Defendant appealed, but gave no bond to stay further proceedings. He has paid nothing on the decree. In October, 1930, plaintiff filed a petition for foreclosure for the full amount of $5,425, and, on February 2, 1931, had decree for sale with provision for six months' period of redemption after sale. Counsel informs us that sale was made of all defendant's real estate, it was bid in by plaintiff for $5,575, and the period of redemption expired November 18, 1931. Defendant appealed also from the latter decree, but contends the court was without jurisdiction to enter it pending appeal from the original decree.

On appeal perfected, jurisdiction of the cause is transferred to the appellate court, and the circuit court may make no further decrees or orders to alter, modify, or amplify the decree appealed from. Where no appeal bond is given, proceedings to enforce the

decree may be had pending appeal and subject to the final outcome, but such proceedings must be confined to those provided in the decree or attached thereto by law. The second decree is set aside.

The action taken under the second decree suggests that unlimited acceleration of payments and power of sale could hardly fail to have the result of stripping this old man of all his real estate at a fraction of its fair value in normal times. In spite of the obduracy and recalcitrancy suggested by the record, we think some allowance should be made for him because of his age and he be protected in the means of a livelihood. The decree should be modified to that end.

We approve the amount awarded and its division into instalments. The next payment is due January 1, 1932. The original decree will be modified to extend the time of all payments now due under it to January 1st, to provide for acceleration of payments, for sale of real estate on default existing 30 days, but with the limitation that sale of the particular parcel upon which defendant actually resides shall be last in order and be subject to life tenancy to him. The decree will also provide that the cause be remanded to the circuit court with jurisdiction to enter such further orders and take such other proceedings as future conditions may require.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.