LOSIE *v.* LOSIE.

1. APPEAL AND ERROR—PERFECTED APPEAL—JURISDICTION.
    When an appeal from a decree has been perfected the Supreme
    Court has jurisdiction of the case and the trial court does not
    then have jurisdiction to vacate the decree (Court Rule No.
    56 [1945]).

2. SAME—REHEARING—JURISDICTION—PERFECTED APPEAL.
    Rule that case might be reheard by trial court after appeal to
    Supreme Court had been perfected does not apply where mo-
    tion to vacate was filed after four months after entry of decree
    (Court Rule No. 56 [1945]).

Appeal from Wayne; Richter (Theodore J.), J.
Submitted March 23, 1948. (Calendar No. 43,959.)
Decided May 18, 1948.

Divorce proceedings by Earl J. Losie against El-
len M. Losie. On motion to vacate decree. Decree
vacated. Plaintiff reviews by appeal in nature of
mandamus. Reversed.

*Davis & Perlongo,* for plaintiff.

*Buckingham, Piggins & Rehn,* for defendant.

DETHMERS, J. By decree entered June 14, 1946,
plaintiff was granted a divorce. On February 10,
1947, defendant petitioned for, and on July 18, 1947,

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am. Jur., Appeal and Error, § 528.
[1, 2] 3 Am. Jur., Appeal and Error, § 529.

the court ordered, a modification of the decree. On July 28, 1947, defendant filed a motion to vacate the decree. On August 6, 1947, plaintiff perfected an appeal, now pending, from the order modifying the decree. On October 30, 1947, the court entered an order vacating the decree, from which this appeal is taken.

Court Rule No. 56 (1945) provides:

"Section 1. Every appeal to the Supreme Court shall be taken by filing a claim of appeal with the court, tribunal or officer whose action is to be reviewed, and paying the fee required by law for taking appeal. The Supreme Court shall thereupon have jurisdiction of the case."

When the appeal from the order modifying the decree had been perfected this Court had jurisdiction of the case and the trial court was without jurisdiction to vacate the decree. *City of Grand Rapids* v. *Coit,* 151 Mich. 109; *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110; *Scott* v. *Scott,* 255 Mich. 663; *Daugherty* v. *Reading,* 266 Mich. 514; *Goldblum* v. *United Automobile, Aircraft & Agricultural Implement Workers of America, Ford Local No. 50,* 319 Mich. 30. The motion to vacate having been filed more than four months after decree's entry, *Domboorajian* v. *Domboorajian,* 235 Mich. 668, is inapplicable.

The ordering vacating the decree of divorce is reversed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.