LOSIE *v.* LOSIE.

1. DIVORCE—CUSTODY OF CHILDREN—CHANGE OF CONDITIONS.
    Custody of children should not be awarded wife on her petition, where record fails to disclose any change of circumstances or conditions since the original decree of divorce was entered by which custody of the two children was awarded to plaintiff husband.

2. SAME—ALIMONY—PROPERTY.
    It is mandatory in a divorce action for the trial court to dispose of questions of alimony and property (3 Comp. Laws 1929, § 12766).

3. SAME—PROPERTY SETTLEMENT—FRAUD.
    Property settlements in divorce decrees are not subject to later modification in the absence of proof of fraud.

4. SAME—MODIFICATION OF DECREE—PROPERTY SETTLEMENT—FRAUD.
    Order modifying decree of divorce as to division of property upon defendant wife's petition was improper, where petition did not allege fraud and was filed nearly seven months after

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am. Jur., Divorce and Separation, § 684.
[3, 4] 17 Am. Jur., Divorce and Separation, § 431.

decree was entered (3 Comp. Laws 1929, § 12766; Court Rule No. 48, § 1 [1945]).

5. SAME—PROPERTY SETTLEMENT—STATUTES—PLEADING.

Trial court had jurisdiction to settle property rights of parties to suit for divorce in view of mandatory provisions of statute in such matter and bill containing prayer for general relief (3 Comp. Laws 1929, § 12766).

6. SAME—COSTS.

No costs are awarded on husband's appeal upon reversal of order modifying decree of divorce as to custody of children and as to property settlement.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 5, 1948. (Docket No. 20, Calendar No. 43,881.) Decided December 17, 1948.

Divorce proceedings between Earl J. Losie and Ellen M. Losie. On petition of defendant for modification to change custody of children. Decree modified. Plaintiff appeals. Reversed.

*Davis & Perlongo,* for plaintiff.

*Buckingham, Piggins & Rehn* (*Thomas L. Thomson,* of counsel), for defendant.

BUSHNELL, C. J. Plaintiff Earl J. Losie and defendant Ellen M. Losie were married on December 30, 1933. They lived and cohabited together as husband and wife until May 11, 1945, during which time defendant bore unto the plaintiff two children, who were then 10 and 5 years old, respectively. Losie filed a bill of complaint on May 18, 1945, which was answered by his wife, who at the same time filed a cross bill, to which plaintiff filed an answer. The wife's answer and cross bill were later withdrawn upon stipulation of the parties, and after testimony the question of custody of the minor children was referred to the friend of the court. A pro confesso decree was entered on June 14, 1946, granting Losie

a divorce and awarding him the care, custody and control of both children.

This decree contains a property settlement provision which required the defendant to convey to the plaintiff her interest in certain real property, and plaintiff was permitted to retain an automobile, the proceeds of certain bonds, and the household furniture and furnishings of the parties. He was required to pay defendant $1 in lieu of dower.

On February 10, 1947, defendant filed a petition to modify the decree, alleging a change in conditions, and seeking the custody, control and education of the minor children. She also prayed that the plaintiff be ordered to contribute toward their support. She alleged:

"2. That in addition thereto, the respondent was awarded all of the assets which had been accumulated by the parties during the period of their married life; and that your petitioner consented to this arrangement relying on the statements of the respondent that he would continue to provide a suitable home and environment that would be for the best interests and welfare of the minor children of the parties hereto."

Her petition, however, is silent as to any allegations of fraud with respect to the original proceedings.

The friend of the court, after an investigation, recommended that the defendant's petition be denied and that the father retain the custody and control of the children. This report recites in detail the then home conditions of the respective parties. It shows that plaintiff had since remarried and that the older son stated that he would prefer to live with his mother because he did not get along well with his stepmother, but that he did get along well with his father.

On July 18, 1947, the trial judge modified the original decree as follows:

"It is further ordered, adjudged and decreed that the custody and control of the minor children of the parties, to-wit: Earl Losie and Elvin Losie, shall be, and that the same are hereby awarded to the defendant, Ellen M. Losie; and

"It is further ordered, that any and all property which was accumulated by the parties hereto during the period of their marriage be divided equally between the plaintiff and the defendant; and

"It is further ordered that the question of support for the minor children be referred to the friend of the court for the purpose of submitting a report with reference to the needs of your defendant and petitioner and the capacity of the plaintiff and respondent to contribute toward the support of the minor children."

From this order thus modifying the decree plaintiff has appealed.

The defendant's petition to modify the decree and obtain custody of the children alleges:

"That since the granting of this decree, conditions have materially changed in that the children are not living in surroundings that are conductive [conducive?] to their best interests and welfare; * * *

"That the best interests and welfare of the children demand that some immediate change be made and that your petitioner is willing to undertake this change if she can be assured of some financial assistance from the respondent.

"Wherefore, your petitioner prays * * *

"(a) That the custody, control and education of the minor children be awarded to your petitioner;

"(b) That the respondent be ordered to contribute towards the support of the minor children with reference to their needs and requirements."

The friend of the court in his report stated that the petitioner was living with her sister in a two-

room apartment, was working, and that "there is a serious question as to whether she would be able to give the children adequate supervision. The present home of the children is very satisfactory." He recommended that the petition be denied.

The record fails to disclose any change of circumstances or conditions since the original decree was entered beyond a change of desire of the mother, in which respect the instant case is analogous to *Bishop* v. *Bishop,* 286 Mich. 567.

There is also a serious question as to whether a property settlement once made, either by agreement between the parties and embodied in the decree or by the court itself, can be modified, unless the petition to modify is filed within four months after the entry of the decree. *Losie* v. *Losie,* 321 Mich. 112, and Court Rule No. 48, § 1 (1945).

It is mandatory in a divorce action for the trial court to dispose of questions of alimony and property. 3 Comp. Laws 1929, § 12766 (Stat. Ann. § 25.131), and *Ritzer* v. *Ritzer,* 243 Mich. 406, 411. Property settlements in divorce decrees are not subject to later modification in the absence of proof of fraud. *Kutchai* v. *Kutchai,* 233 Mich. 569.

Appellee further argues that the trial court was without jurisdiction to settle the property rights of the parties because such property was not mentioned in the original bill of complaint, nor was adjudication thereof sought in the prayer of the bill.

It is sufficient to say that the statute and authorities just cited control and that the prayer included "such other and further relief in the premises as to the court may seem meet and as shall be agreeable to equity and good conscience."

The order modifying the decree is vacated. Under the circumstances of this case no costs will be awarded.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.