GMELIN *v.* GMELIN.

1. DIVORCE—MODIFICATION OF DECREE—SERVICE OF PETITION AND NOTICE.

    Service by registered mail of petition for modification of decree of divorce and for notice of hearing thereon was a permissible method of service since it was filed in the original proceeding and rested on the theory that it related to a phase of the case over which the court retained jurisdiction (Court Rule No. 8, § 4 [1945]).

2. SAME—MODIFICATION OF DECREE—PROPERTY SETTLEMENT—PAYMENTS UNDER LAND CONTRACT.

    Provision of decree of divorce which placed the ownership of vendee interest in the home, then being purchased, in the parties as tenants in common, provided it should be in lieu of wife's dower and gave the occupancy to plaintiff wife and their three children, all pursuant to a stipulation of the parties, *held,* a property settlement not subject to modification to eliminate provision requiring husband to continue payments on the property.

REFERENCES FOR POINTS IN HEADNOTES

[3] 17 Am. Jur., Divorce and Separation, § 431.
[4] Power in absence of reservation by statute or decree, to modify provision in decree of divorce or separation as to alimony or separate maintenance. 71 A.L.R. 723; 127 A.L.R. 741.

3. SAME—PROPERTY SETTLEMENT—MODIFICATION.

> A provision in a decree of divorce in lieu of dower or on a property settlement is final and cannot be modified or altered except for such cause as any other final decree may be reviewed.

4. SAME—MODIFICATION OF DECREE—PAYMENTS UNDER LAND CONTRACT.

> While provisions of decree of divorce relating to alimony or other allowance for the support of the wife and children, or for the appointment of trustees to hold property for the benefit of the wife or children, are subject to modification, a provision requiring husband to make payments on land contract for home the parties were purchasing is not subject to modification since it pertains to property settlement even though wife remarried and new husband lived in the home.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 5, 1949. (Docket No. 5, Calendar No. 44,229.) Decided May 18, 1949. Rehearing denied June 29, 1949.

Divorce proceedings by Eldein M. Gmelin against Howard C. Gmelin. On petition of defendant for modification of portion of decree requiring him to make monthly payments on home. Decree modified. Plaintiff appeals. Reversed and remanded.

*J. H. M. Alexander,* for plaintiff.

*Harry N. Dell,* for defendant.

CARR, J. On the 7th of May, 1945, plaintiff obtained a divorce from defendant, the decree granting to her the custody of 3 minor children for whose support defendant was ordered to pay the sum of $70 per month. Under the caption "property settlement" the decree further provided that defendant pay $37 per month on the purchase price of the home which the parties were buying on land contract

as tenants by the entireties. Such payments were required to be made until the property was fully paid for or disposed of by agreement, the title thereto to be held by plaintiff and defendant as tenants in common. The right to occupy the property and to use the furniture was granted to plaintiff and the 3 minor children. The decree recited that such provision as to property rights was "a stipulation of the parties." The decree further stated that the provision referred to as a property settlement should be in lieu of plaintiff's dower in the property of defendant, and in full satisfaction of all her claims in any property that he then owned or might thereafter acquire.

Subsequently to the granting of the divorce plaintiff remarried. In January, 1948, defendant filed a petition for modification of the decree, alleging therein that plaintiff and her then husband were occupying the home and that such situation resulted in defendant partially supporting plaintiff and her husband. The petition further alleged that the provisions as to the property settlement did not clearly set forth the rights of the parties, and asked that defendant be relieved from making further payments on the property and that he be permitted to dispose of his interest therein. The petition and notice of hearing thereon were served on plaintiff by registered mail.

Claiming that such method of service was not sufficient, plaintiff moved to dismiss the petition, which motion the trial court denied. Thereupon plaintiff filed answer denying the power of the court to modify the provisions in question, and further setting forth in substance that the existing situation did not justify decreasing defendant's obligations under the original decree, that, in fact, the payments of alimony should be increased rather than diminished, and that there had been no such change in circum-

stances as justified the granting of the relief sought by defendant.

Following a hearing at which both parties were present and testified, the trial court entered an order in accordance with the prayer of the petition, expressly relieving defendant from making further payments "on the real estate mortgage or land contract," as required by the terms of the original decree, granting to defendant the right to sell his interest in the premises to any available buyer, and further providing that in the event of failure to make such sale defendant might make application to the court for an order of sale and "for such other orders as may be reasonably necessary and convenient in order to permit the sale of the premises by a circuit court commissioner of the aforesaid county, said sale to be held upon such conditions and for such terms as may be agreeable to the court." Plaintiff has appealed.

The first question raised by appellant is whether the service of the petition and notice of hearing thereon was sufficient. The petition to modify the decree was filed in the original proceeding, and rested on the theory that it related to a phase of the case over which the court retained jurisdiction. It was not a new and independent proceeding. *Metzinger* v. *Metzinger,* 310 Mich. 335. Michigan Court Rule No. 8 (1945) makes specific provision for the service of papers by mail on an attorney of record, and further provides, in section 4 thereof, that in the event of a party prosecuting or defending in person, service may be made in like manner. We think that the method of service adopted by defendant was permissible under the rule, and that in consequence the trial court properly denied plaintiff's motion to dismiss the petition. *Huger* v. *Huger,* 313 Mich. 158, which appellant cites, is not in point. In that case no copy of the petition for modification or notice of

hearing thereon was served in any manner. It was held that due process of law required the giving of notice, and a reasonable opportunity to appear and present proofs. Such requirements were satisfied in the case at bar.

This brings us to a consideration of the principal question in the case, whether the provision of the decree which the order of the trial court sought to modify should be construed as a property settlement or as making further provision for the support of plaintiff and the children in addition to the payments required by the preceding paragraph of the decree. It was, as the trial court noted, in accordance with the stipulation of the parties. It seems evident that at the time they regarded it as a settlement of property interests. It gave to each party an undivided one-half interest in and to the home that was being purchased under the land contract. It required defendant to continue the payments on the property. The language used indicates that it was in contemplation that the parties might by agreement sell their respective interests, or that, on the discharge of the balance of the contract obligation, each would own an undivided one-half interest as a tenant in common. While plaintiff and the children were given the right to occupy it as a home, the fact remains that the ownership of the property was fixed. It is also significant that such provision was declared by the decree to be in lieu of dower.

In *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505, it was said:

"However, a provision in lieu of dower or on a property settlement is final and cannot be modified or altered except for such cause as any other final decree may be reviewed."

In *McFarlane* v. *McFarlane,* 298 Mich. 595, this Court, in discussing the interpretation of a provi-

sion of a divorce decree awarding the payment of money in lieu of dower, said:

"The decree now under consideration expressly provides for money to be paid in lieu of dower and other property rights. It is not a decree for alimony, nor was it so considered by the plaintiff in bringing suit to obtain the judgment."

Under the express provisions of the statute (3 Comp. Laws 1948, § 552.28 [Stat. Ann. § 25.106]), the provisions of a divorce decree relating to alimony or other allowance for the support of the wife and children, or for the appointment of trustees to hold property for the benefit of the wife or children, are subject to modification. Such provisions, however, do not apply to property settlements, including, as the cases above cited indicate, awards in lieu of dower. Such settlements and awards may not be set aside except on the ground of fraud, or for like reasons. *Winter* v. *Winter,* 270 Mich. 707; *Ratcliffe* v. *Ratcliffe,* 308 Mich. 488; *Lytle* v. *Lytle,* 319 Mich. 47. The provisions of the decree in question here may not be construed as merely providing payments of money for the support of plaintiff and the children. The fact that they were given a right of occupancy cannot destroy the force and effect of such provisions as effectuating a property settlement. As such the provisions in question were not subject to modification in the absence of a showing of fraud or like reasons therefor.

In view of the conclusion above stated, other questions discussed by counsel do not require consideration. A decree will enter in this Court setting aside the order of the trial court from which plaintiff has appealed, and remanding the case. Plaintiff may have costs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.