## WINOGROCKI v. WINOGROCKI.

1. DIVORCE—LUMP SUM ALIMONY—JURISDICTION.
   The power of the court in a suit for divorce is at an end and there is no power to modify decree as to alimony, where a gross or lump sum in money or in property is awarded as alimony to the wife.

2. SAME—PROPERTY SETTLEMENT—MODIFICATION OF DECREE.
   A provision in a decree of divorce in lieu of dower or on a property settlement is final and cannot be modified or altered except for such cause as any other final decree may be reviewed.

3. SAME—MODIFICATION OF DECREE—LACHES.
   Plaintiff wife was guilty of laches, in waiting for 16 years after loss of title to property which had been awarded her as a lump-sum property settlement in suit for divorce and on which the husband was required to make payments of principal on mort-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation §§ 445, 593, 594.
[3, 4] 19 Am Jur, Equity § 490 *et seq.*

gage, before attempting to modify decree of divorce, where in the interim the husband died and plaintiff failed to show compliance by her with the covenants she was required to perform.

4. EQUITY—LACHES—PREJUDICE—TIME.

Laches is such neglect to assert a right as, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.

·5. COSTS—DIVORCE—MODIFICATION OF DECREE—ADMINISTRATRIX—BRIEF.

Administratrix of estate of deceased husband from whom plaintiff had obtained a divorce is awarded costs on affirmance of decree denying plaintiff's petition for modification of decree of divorce, where such administratrix appeared and filed a brief.

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 8, 1951. (Docket No. 38, Calendar No. 45,154.) Decided December 3, 1951.

Divorce proceedings by Martha Winogrocki against Albion Winogrocki. On petition of plaintiff for modification of decree to require defendant's estate to pay a lump sum. Petition dismissed on motion. Plaintiff appeals. Affirmed.

*Thomas L. Thomson* and *George. H. Smith,* for plaintiff.

*Irwin I. Cohn (John Sklar,* of counsel), for estate of Albion Winogrocki.

REID, C. J. Plaintiff filed a petition for a modification of a decree of divorce so as to require the estate of defendant to pay plaintiff a lump sum as representing property lost to plaintiff by defendant's default. From dismissal of her petition, plaintiff appeals.

A final decree of divorce herein was entered, September 18, 1919. No alimony was awarded but the decree provided for lump sum awards of $1,500 cash, transfer of 2 life insurance policies, and that defendant invest $8,500 in a residence which would be income producing, to be placed in the joint names of plaintiff and the minor sons of the parties.

Defendant paid the $1,500 and transferred the 2 policies and with the court's subsequent approval expressed in a formal order, as a fulfilment of the requirements of the decree, defendant bought a 4-family flat in Hamtramck for $13,000, with credit to plaintiff of $8,500, leaving her to pay a balance (secured by a mortgage) of $4,500. Plaintiff did not pay the mortgage nor the interest thereon. Defendant to avert foreclosure obligated himself on a new mortgage for $5,800 as refinancing. Plaintiff again failed to pay any instalments of principal and taxes and on September 27, 1927, the mortgage amounted to $6,148 and there were unpaid taxes of $800.

On September 27, 1927, the plaintiff and defendant (now deceased) entered into a stipulation and agreement in writing, signed by the parties and witnessed by the same attorneys for plaintiff who now represent her, reciting among other things that the agreement was "for the purpose of finally settling all present and future claims for alimony or any other claims on the part of the first party [plaintiff herein]." Under the agreement, defendant was to make payments of principal of the mortgage on the premises in question while plaintiff wife was not in default in payment of taxes and assessments. The mortgage became in default and on foreclosure the mortgagee obtained a sheriff's deed, November 2, 1931. Plaintiff in her petition does not allege that she carried out her part of the agreement to pay taxes and assessments but alleges that through defendant's default the foreclosure took place, al-

though apparently she had rentals from the 4-family flat for many years.

In 1941, suit was begun by plaintiff against defendant Albion Winogrocki, no declaration was filed, and the suit was dismissed for want of prosecution in 1942, with which exception no proceeding after the sheriff's deed was begun by plaintiff against defendant until the filing of the instant petition, October 5, 1948, which petition alleges that defendant died August 7, 1948, intestate, and claims the benefit of suggestion of record of his death and prays that the administratrix of his estate, his wife, and heirs-at-law, be admitted to defend against her petition.

The defendant's widow (and administratrix) moved to dismiss the petition (a) because the court was without jurisdiction in the matter, not having reserved the alimony question for future determination; (b) because plaintiff's claim is barred by the statute of limitations; and (c) because plaintiff is guilty of gross laches.

The original decree of divorce did not reserve alimony for future consideration but awarded lump sums to plaintiff, and the amended decree of September 27, 1927, recognized and confirmed the agreement of the parties that the lump sums were in lieu of alimony.

"Where a gross or lump sum in money or in property is awarded as alimony to the wife, the power of the court is at an end and there then is no power to modify it later." *Kutchai* v. *Kutchai,* 233 Mich 569, 575.

Several decisions of this Court may be cited to similar effect.

"A provision in a decree of divorce in lieu of dower or on a property settlement is final and cannot be modified or altered except for such cause as

any other final decree may be reviewed." *Gmelin
v. Gmelin* (syllabus 3), 324 Mich 590.

We consider as laches the inaction of plaintiff for
16 years after loss of title to bring this petition,
during which period the opposite party, the defend-
ant in this case, died and the benefit of his testimony
as to what the real situation was, is lost to his es-
tate, particularly in view of the fact that plaintiff
failed to show compliance by her with the covenants
in said agreement on her part required to be per-
formed.

As applied to the instant case, laches may be said
to be such neglect to assert a right as, taken in con-
junction with lapse of time more or less great, and
other circumstances causing prejudice to an adverse
party, operates as a bar in a court of equity.   See
30 CJS, § 112, p 521.

We agree with the finding of the trial court of
want of jurisdiction to change the decree and also
laches on the part of plaintiff.   Its decree dismissing
the petition is affirmed.   The administratrix of the
estate of Albion Winogrocki, deceased, having ap-
peared and filed a brief, she is awarded costs.

BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ.,
concurred.   BUSHNELL and SHARPE, JJ., concurred
in the result.