PFEIFER *v.* PFEIFER.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—JURISDICTION.

 Trial court had jurisdiction to continue to take proofs in suit wherein plaintiff withdrew his bill for divorce and answer to defendant wife's cross bill for separate maintenance while plaintiff was a witness for himself, notwithstanding no proposed decree had been tendered to the trial judge, where plaintiff's counsel continued to participate in the hearing (CL 1948, § 552.301; Court Rule No 51, § 4 [1945]).

2. APPEAL AND ERROR—CLAIM OF APPEAL—JURISDICTION OF SUPREME COURT.

 The Supreme Court has jurisdiction of a case when a claim of appeal is timely filed (Court Rule No 56, § 1 [1945]).

3. SAME—JURISDICTION—CLAIM OF APPEAL—AMENDED DECREE.

 Amended decree, apparently entered on trial court's own motion some 60 days after the original decree, without a petition for rehearing, amendment or modification of the decree having been filed or notice given or hearing held for an amended decree nor remand ordered by Supreme Court, is a nullity, where claim of appeal from the original decree had been timely filed, the trial court no longer having jurisdiction (Court Rule Nos 51, § 4; 56, § 1 [1945]).

4. HUSBAND AND WIFE—SEPARATE MAINTENANCE—PARAGRAPH HEADINGS IN DECREE.

 Paragraph headings, required in decrees for divorce, need not have been added to decree for separate maintenance (Court Rule No 51, § 5, as amended in 1953).

5. SAME—SEPARATE MAINTENANCE—EXTREME CRUELTY—EVIDENCE.

 Cross plaintiff wife's evidence in support of her cross bill for separate maintenance *held*, to have established extreme cruelty

---

REFERENCES FOR POINTS' IN HEADNOTES

[2, 3] 3 Am Jur, Appeal and Error § 528 *et seq.*
 Generally as to modification of decree in suit for separate maintenance, see 27 Am Jur, Husband and Wife § 428.
[6] 27 Am Jur, Husband and Wife, § 412.
[6] Defenses available to husband in civil suit by wife for support. 10 ALR2d 466.
[8] 27 Am Jur, Husband and Wife § 415.

sufficient to support a decree of divorce on ground of extreme cruelty, where it appears therefrom that appellant had led double life, had neglected cross plaintiff and their children and had mistreated her (CL 1948, § 552.301).

6. SAME—SEPARATE MAINTENANCE—CONDONATION—EVIDENCE.

Appellant's claim of condonation of his misconduct in wife's cross suit for separate maintenance *held*, not supported, where there is no evidence that cross plaintiff lived and cohabited with appellant after she knew of his misconduct with another woman, although she may have forgiven some other of his acts of cruelty in the hope his subsequent conduct would be proper.

7. SAME—SEPARATE MAINTENANCE—SURPLUSAGE IN DECREE.

Provision of decree for separate maintenance that marriage should remain in full force and effect except for separate maintenance and support, although in accordance with the law, was mere surplusage and not ground for setting aside the decree (CL 1948, § 502.301).

8. SAME—SEPARATE MAINTENANCE—AWARD FOR SUPPORT—EVIDENCE.

Award of $75 per week for support of wife and 13- and 17-year-old daughters *held*, not excessive and within range of proofs and necessary for support and separate maintenance of cross plaintiff and the 2 children in their station in life (CL 1948, § 502.301).

9. SAME—SEPARATE MAINTENANCE—DIVORCE.

A decree of divorce will not be ordered granted to cross plaintiff, where she sought a decree of separate maintenance, supported it by proofs and court, in its discretion, granted it.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 7, 1954. (Docket No. 31, Calendar No. 45,970.) Decided February 18, 1954.

Bill by Irving W. Pfeifer against Rose Pfeifer for divorce, with cross bill for separate maintenance. Decree for defendant. Plaintiff appeals. Amended decree entered following appeal. Original decree affirmed and amended decree set aside.

*Issac M. Smullin,* for plaintiff.

*Casper C. Cutler,* for defendant.

BOYLES, J.  In this case the plaintiff husband filed a bill for divorce, the defendant wife filed an answer and cross bill asking a decree for separate maintenance, under CL 1948, § 552.301 (Stat Ann § 25.211).  Issue was joined and after a hearing had been in progress in open court for some time counsel for the plaintiff, during the course of plaintiff's testimony as a witness for himself, asked the court for permission to withdraw his bill of complaint and his answer to the cross bill, and that the defendant cross plaintiff be allowed to proceed on her cross bill as a *pro confesso* case.  Thereupon the court entered the following order:

"Motion having been made by Bernard A. Pearl, attorney for plaintiff, that he be permitted to withdraw plaintiff's bill of complaint for divorce without prejudice, and further to withdraw his answer to defendant's cross bill of complaint for separate maintenance;

"It is hereby ordered that said bill of complaint be withdrawn without prejudice, and further that the cross defendant's answer be withdrawn, and that the cross plaintiff be permitted to proceed on her cross bill of complaint for separate maintenance as a *pro confesso* case."

Thereupon the court proceeded to hear the testimony of the cross plaintiff and her witnesses.  Notwithstanding the fact that there was then no answer to defendant's cross bill, counsel for the plaintiff continued in the hearing, objected to testimony, and cross-examined the cross plaintiff and her witnesses, as though it were still a contested case.  On December 23, 1952, the court entered a decree holding that the plaintiff had committed acts of extreme cruelty toward the cross plaintiff and had committed other acts sufficient to entitle her to a decree for separate maintenance in accordance with CL 1948, § 552.301 (Stat Ann § 25.211).  The decree provided, *inter alia,*

that the plaintiff must pay the cross plaintiff, through the office of the friend of the court, $50 per week for her support and maintenance, and $12.50 per week for the support and maintenance of each of their 2 minor children until 18 years of age and to continue while in high school. Cross plaintiff was also decreed the use of the household furniture and of the flat which they owned and in which she and the girls were living.

On January 2, 1953, plaintiff filed a claim of appeal. On February 20, 1953, the court entered an amended decree of separate maintenance to which reference will be made later. On March 6, 1953, the plaintiff filed a claim of appeal from the amended decree.

1. Appellant claims reversal on the ground that no proposed decree was tendered to the presiding judge before proofs were taken. There is no merit in the claim. While Court Rule No 51, § 4 (1945), provides that no proofs in *pro confesso* cases shall be taken unless there has been tendered to the presiding judge the proposed decree in the cause, in this case the court forthwith continued with the hearing by taking the testimony adduced by the defendant cross plaintiff, immediately after the plaintiff had withdrawn his bill of complaint and answer to the cross bill. Furthermore, plaintiff's counsel continued to participate in the hearing. The court had jurisdiction to continue to take proofs without having a tender of a proposed decree for the cross plaintiff.

2. Appellant has also appealed from the amended decree, asking that it be set aside, on the ground that the trial court lacked jurisdiction to enter an amended decree after the appeal had been taken from the original decree.

Plaintiff's appeal from the original decree was timely taken. When a claim of appeal is timely filed,

"the Supreme Court shall thereupon have jurisdiction of the case." Court Rule No 56, § 1 (1945). See, also, *Scott* v. *Scott,* 255 Mich 663; *Losie* v. *Losie,* 321 Mich 112.

The amended decree was entered approximately 60 days after the original decree, apparently on the court's own motion. No petition for a rehearing or for any amendment or modification of the decree had been filed, no notice was given or hearing held for an amended decree. The amended decree repeats the provisions of the original decree and adds headings to the paragraphs in the original decree. In addition, it inserts 2 paragraphs not in the first decree, providing for the custody of the minor children.

The case here on appeal had not been remanded to the trial court. The changes made by the amended decree did not come within the exceptions in Court Rule No 56, § 2 (1945), which allow jurisdiction in the trial court to take certain steps pending appeal. There was no need to add the paragraph headings to the decree, as provided for in divorce decrees by Court Rule No 51, § 5 (1945), as amended, effective April 1, 1953. There was no notice, no motion, no hearing, before the amendment adding provisions for custody of minor children. The trial court did not have jurisdiction; the amended decree is a nullity and will be set aside. However, its essential provisions, insofar as they affect the merits of this appeal, are embodied in the original decree.

3. Appellant claims that the original decree for separate maintenance should be set aside on the ground that the cross plaintiff had not established grounds which would entitle her to a decree of divorce, nor shown desertion by the plaintiff, and that therefore the court erred in granting a decree for separate maintenance, in the absence of such

proofs.* The record does not support the claim. Cross plaintiff had shown that her husband had become infatuated with another woman, thereafter neglected her and the children, that he struck her, pushed her against a chair, threw his shoes at her but missed and broke a window, that he lived a double life. She established grounds for divorce. There is no merit in appellant's claim that the cross plaintiff "condoned" the misconduct of the plaintiff, and for that reason should not be granted any relief. There is no proof that the cross plaintiff lived and cohabited with the plaintiff as husband and wife after she had knowledge of plaintiff's misconduct with another woman. In her cross bill she charged the cross defendant with extreme cruelty, not adultery. She had the right to forgive his acts of cruelty in the hope that his subsequent conduct would be proper. *Tackaberry* v. *Tackaberry,* 101 Mich 102; *Creyts* v. *Creyts,* 133 Mich 4.

4. Appellant seeks reversal because a paragraph in the decree for separate maintenance declared that their marriage should remain in full force and effect except for separate maintenance and support. Such a provision, although in accordance with the law, was mere surplusage and not ground for setting aside the decree.

5. Appellant seeks to set aside the decree on the ground that the allowance of $75 per week for the support and maintenance of the cross plaintiff and the 2 children, girls who were then about 13 and 17 years of age, was excessive. Plaintiff, an attorney, testified his income averaged about $100 per week. She testified it was about $300 per week, that he was well-to-do, and that about 3 years before the hearing he had received a fee of $7,000 in 1 case. The allowance was within the range of the proofs, and was

---

* See proviso in CL 1948, § 552.301 (Stat Ann § 25.211).

shown to be necessary for the support and maintenance of cross plaintiff and the 2 children in their station in life. On the record here, we would not change it.

6. Finally, appellant claims that the trial court could and should have granted cross plaintiff a decree of divorce. Cross plaintiff did not seek a divorce. The decree for separate maintenance was supported by the proofs and within the discretion of the court.

The original decree is affirmed. The amended decree will be set aside. Costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.