**Kay KING, a/k/a Kathryn Fay, Plaintiff,**
**v.**
**Russell L. FAY et al., Defendants.**
**Civ. A. No. 2771-57.**

United States District Court District of Columbia.

Nov. 4, 1958.

## 936

Blair & Blair, Hermine Herta Meyer, Washington, D. C., for plaintiff.

John E. Powell, Washington, D. C., for defendants.

TAMM, District Judge.

The present action was instituted by Kay King against Russell L. Fay, former husband of the plaintiff, and Eugenia B. Fay as Guardian of the person and property of the incompetent Russell L. Fay. Briefly, the plaintiff is suing for payment of money due by reason of a property settlement which the former husband and wife (the present plaintiff) entered into on February 1, 1950 and which was incorporated into the decree of divorce which dissolved the marriage between Kay King and Russell L. Fay. The plaintiff demands judgment against the defendants in the sum of $21,400 with interest at 5% per annum on $19,500 from October 27, 1957, and costs.

The defendants are non-residents of the District of Columbia, and because of this the plaintiff has proceeded in this action under Title 13, District of Columbia Code, Sec. 108, which provides substantially as to service and the manner thereof on a non-resident defendant who has personal property within the jurisdiction against which a claim of the plaintiff is asserted. She has also proceeded under Title 16, Sec. 301 of the District of Columbia Code—attachment before judgment—and pursuant thereto has served the Riggs National Bank with writs and interrogatories in attachment before judgment. The Riggs National Bank is the trustee under a trust indenture dated July 3, 1947, and of which the defendant Russell L. Fay is the grantor.

Under the terms of the trust, the trustee. is to pay Mary H. Fay, a former wife of the defendant, $450 per month "until such time as the interest of the aforesaid children shall have terminated." The trust further provides that the interest of each child shall terminate when such child attains the age of 21, or dies or marries under that age. After the interest of each child shall have terminated, Mary M. Fay shall then receive $300 per month until her death or remarriage. Presently, the youngest child is now 19 years of age and will reach the age of 21 on May 27, 1960, at which time "this trust shall terminate as to all except $50,000". According to the answers of Riggs National Bank, trustee, to the interrogatories in attachment, the assets contained in this trust exceed $100,000. These answers were furnished November 8, 1957.

The defendants in their answer to the complaint allege as defenses the statute of limitations, a lack of jurisdiction by this Court over the subject matter and the defendants, and a spendthrift provision in the trust which guards the interests of the beneficiaries. Another defense, namely, that the interest of the defendant Russell L. Fay in the trust is not subject to attachment, is raised in that defendant's motion for judgment on the pleadings.

The plaintiff and the defendant Eugenia Fay have filed motions for summary judgment. This Court granted the motion of the defendant Eugenia Fay for summary judgment as she is no longer deemed to be a necessary party to this proceeding.

The plaintiff contends that this is a suit to collect unpaid alimony and that the Court has jurisdiction over the subject matter. She also alleges that the action is in the nature of debt as it is based on a judgment of record. She denies that the claim, or any part of it, is barred by the statute of limitations and states that the rights or interests of the defendant in the aforementioned trust are subject to attachment by his creditors and that this Court has proper jurisdiction over both the property and the defendant.

1. *Jurisdiction over the subject matter.*

■ The plaintiff has filed a complaint against this defendant for payment of money due. This basis for this claim is a property settlement entered into by these two parties which was incorporated into a final decree of divorce rendered in the state of Michigan on February 14, 1950.

The defendant contends that the divorce decree in the present case is subject to revision and, as such, no suit upon that decree may be maintained in the District of Columbia. In support of his position, he cites the case of Brown v. Brown, D.C.Mun.App., 75 A.2d 140, 142, which states:

"It is well settled that all courts are required to give full faith and credit to a foreign decree for alimony when such decree is final. What constitutes a final decree with respect to alimony has been the subject of innumerable decisions, from which has been formulated the rule that a decree for future alimony is within the protection of the full faith and credit clause, even though it may be modified prospectively by future orders of the court. But where the decree is subject to retroactive modification of accrued installments past due, the decree is not entitled to full faith and credit unless the accrued installments have been reduced to a money judgment or its equivalent in the forum possessing the right of retroactive modification.

\* \* \* \* \* \*

"The Maryland decisions clearly recognize the right of plaintiff in a divorce case, where past installments of alimony have not been paid, to go into the court which rendered the decree and obtain an order decreeing that such arrears of alimony are due and payable. However, before such an order is issued the defendant has the right to urge modification of such past due sums. When an order decreeing the arrears of alimony due and payable is obtained, that order clearly becomes a final judgment which is entitled to full faith and credit in other jurisdictions. In the present case no such order has been obtained."

His position on this point is well taken; however, it is not applicable to the present case.

As the plaintiff has pointed out, her claim is based upon a property settlement entered into by these two parties which was incorporated into the decree of divorce. Plaintiff admits that under Michigan law the provisions of a divorce decree relating to alimony or other allowances for the support of wife and children, are subject to modification and, hence, not final decrees, unless reduced to a money judgment in the jurisdiction rendering the decree. However, these provisions of law allowing modification of decrees do not apply to property settlements under Michigan law.

The Michigan courts have consistently held that property settlements in divorce decrees are not subject to later modification in the absence of proof of fraud, or for like reason. Losie v. Losie, 323 Mich. 300, 35 N.W.2d 274; Lytle v. Lytle, 319 Mich. 47, 29 N.W.2d 138; Gmelin v. Gmelin, 324 Mich. 590, 37 N.W.2d 561.

This Court believes the law of Michigan is properly and briefly presented as follows:

"Under the express provisions of the statute, Comp.Laws 1948, § 552.-28, Stat.Ann. § 25.106, the provisions of a divorce decree relating to alimony or other allowance for the support of the wife and children, or for the appointment of trustees to hold property for the benefit of the wife or children, are subject to modification. Such provisions, however, do not apply to property settlements, including, as the cases above cited indicate, awards in lieu of dower. Such settlements and awards may not be set aside except on the ground of fraud, or for like reasons." Gmelin v. Gmelin, 37 N. W.2d 561, at page 563.

Thus, under Michigan law, the decree insofar as it relates to the property settlement is a final decree, and under the ruling of Brown v. Brown, supra, this Court is required to give full faith and credit to the foreign decree.

The following is also worthy of note:

"There is also a serious question as to whether a property settlement once made, either by agreement between the parties and embodied in the decree or by the court itself, can be modified, unless the petition to modify is filed within four months after the entry of the decree. Losie v. Losie, 321 Mich. 112, 32 N.W.2d 358, and Court Rule No. 48, § 1 (1945)." Losie v. Losie, 35 N.W.2d 274, at page 275.

It is apparent from the pleadings and motions and exhibits attached thereto filed in the present case that no such petition has been filed by the defendant since the granting of the decree in February of 1950.

2. *Spendthrift provisions.*

■ The spendthrift provision in the trust is applicable, as determined from the trust itself, to the interest or income which the beneficiaries are to receive from the trust. The settlor, the defendant herein, who will receive a portion of the assets of the trust fund in May, 1960, is not a beneficiary. He receives no income therefrom but rather possesses a vested reversion and, as such, the spendthrift provision was not intended to protect him, for he is not in the class designated for protection.

3. *Jurisdiction over the property and the defendant.*

■ The plaintiff has proceeded in this action under Title 13, Sec. 108, and Title 16, Sec. 301, District of Columbia Code in order to acquire the necessary jurisdiction. Under Title 13, Sec. 108, a person may invoke this provision "in suits for partition, divorce, annulment, by attachment, foreclosure or mortgages and deeds of trust, the establishment of title to real estate by possession, the enforcement of mechanics' liens, and all other liens against real or personal property within the District, and in all actions at law and in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court.

"Personal service of process may be made by any person not a party to or otherwise interested in the subject-matter in controversy on a nonresident defendant out of the District of Columbia, which service shall have the same effect and no other as an order of publication duly executed."

Title 16, Sec. 301, District of Columbia Code provides for attachment before judgment:

"In any action at law in the District Court of the United States for the District of Columbia, * * * for the recovery of * * * a debt * * * the plaintiff, his agent or attorney * * * shall file an affidavit * * * setting forth that the plaintiff has a just right to recover what is claimed in his declaration * * * and where the action is to recover a debt stating the amount thereof, * * * and also stating either, first, that the defendant * * * is not a resident of the District, or has been absent therefrom for at least six months, * * * the clerk shall issue a writ of attachment and garnishment, to be levied upon so much of the lands, tenements, goods, chattels, and credits of the defendant as may be necessary to satisfy the claim of the plaintiff."

The plaintiff, having proceeded under the foregoing sections of the District of Columbia Code has given this Court the necessary jurisdiction to act in this case. The action taken under Title 16, Sec. 301, District of Columbia Code has served to bring the property before the Court, and the manner of service as provided for by Title 13, Sec. 108, District of Columbia Code, has been accomplished.

4. *Is the interest of the defendant in the trust fund subject to attachment,*

■ The defendant Russell L. Fay is the grantor of the trust fund. As stated

previously, the trust will terminate in all respects on May 27, 1960, or possibly sooner, except as to $50,000. The defendant will then receive all assets of the trust fund less the $50,000. Thus, the portion that will revert to the grantor of the trust is logically a reversion. As he is to take this portion of the trust at the expiration of the preceding estate, namely, the present "estate for years" for the minority of his children, his reversion is vested. He has also provided that if he is not living at the time the trust terminates, either partially or completely, then all the assets of the fund shall be turned over to his heirs at law, executors or administrators. In any event, the reversion will go to either the grantor or his estate.

Therefore, the question for determination is: does the defendant have an interest in a vested reversion of a trust estate which is subject to attachment? Authority necessary for decision on this particular point is scarce. However, there is the following in 4 Am.Jur. § 185:

> "It is generally held that a vested remainder may be attached for a debt of a remainderman, or taken in execution during the continuance of the preceding estate and sold by virtue thereof. * * * The same is true of a reversion in fee after a term for years, or a life estate."

It is also a general rule of law that vested remainders and reversions in bankruptcy proceedings pass as assets of the remainderman to the trustee and are subject matter of sale by him. 48 A.L.R. 784.

The defendant argued at the hearing in Court that this interest of the defendant was not subject to attachment because his exact interest or reversion was uncertain in amount at this time and would not be definitely known until May 27, 1960. He also pointed out that the value of the trust fund could fluctuate from time to time and that there is no certainty as to just how much the trust assets would be worth in May, 1960. However, the trustee, in answer to interrogatories in attachment before judgment, stated that as of November 8, 1957, "the assets contained in this trust presently exceed $100,000." This Court believes that since there is more than $50,000 above and beyond what is to remain in trust after its partial termination on May 27, 1960, the amount of income necessary to carry out the grantor's intent to support the minor child is ascertainable at this time and that the plaintiff can satisfy her judgment out of the remainder of the excess.

Basically, this Court believes that it must call upon its power in equity to afford a remedy where there has been a violation of a legal obligation. An essential basic statement of the facts involved in this case would require nothing more than to say that the husband contracted to pay this plaintiff a certain amount of money for her support, pursuant to a property agreement, and has failed to do so.

One case that has been brought to the attention of this Court which seems to lend support to the contention of the defendant is that of Whittemore v. Equitable Trust Co. of New York, 250 N.Y. 296, 165 N.E. 454. In that case, three settlors set up a trust, the income from which was to go to Carolyn G. Whittemore for life and upon her death to her husband for his life. The trust estate was to be returned to the settlors in equal shares upon the death of the two beneficiaries, but if one of the settlors has died before the life beneficiary, then that settlor's interest is disposed of as follows:

> "Provided, however, that if any of them be then dead, the part of the net principal of the trust estate which would have been paid over and delivered to him or her if he or she had survived shall be paid over and delivered to such person or persons, and in such shares, interests and proportions, as such deceased settlor, by his or her last will and testament, shall have appointed, or in default of such appointment, to such person or persons, and in such shares, interests and proportions as

the same would have been distributable if such deceased settlor had been the owner thereof at the time of his or her death and had died intestate."

The Court in that case held that the children or next of kin of the settlors, had a vested remainder subject to divestment by last will and testament which could not, however, be divested by deed or assignment of the settlor. The Court went on to say that if the settlor thought he could transfer or assign that which he thought he possessed, which is a reversion, the deed would be ineffectual as against the children, for their interest could only be cut off by a will.

The construction of the trust which the Court gave in the above case was based primarily, and rightly so, upon the intention of the grantors or settlors. This Court believes that in ascertaining the intent of the settlor in the present case from the trust instrument itself, it was his intention to create a vested reversion in himself, and only a contingent interest in his "heirs at law, executors or administrators." The interest which the latter group would take, if any, is basically contingent upon the death of the settlor. Based upon all of the foregoing, this Court believes that the interest of the defendant in the trust indenture of July 3, 1947 is a present, attachable interest.

5. *Statute of limitations.*

◼ Title 12, Sec. 203, District of Columbia Code, provides as follows:

"Every action upon a judgment or decree rendered in any state or territory of the United States or in any foreign country shall be barred if by the laws of such state, territory, or foreign country such action would there be barred and the judgment or decree be incapable of being otherwise enforced there."

As the judgment in this case has been determined to be a final judgment, the Court must look to the law of the jurisdiction rendering the judgment. In other words, the law of Michigan will determine whether any or all of this claim is now barred.

Volume 20, Michigan Statutes Annotated, Sec. 27.605 (Supp.) contains the following:

"All actions in any of the courts of this state shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified; provided, however,

"1. That actions founded upon judgments or decrees rendered in any court of record of the United States, or of this state, or of some other of the United States, * * * may be brought at any time within 10 years from the time of the rendition of such judgment, * * * *"

Comp.Laws 1948, § 609.13.

The Michigan judgment in this case was rendered on February 14, 1950. Payments by the defendant have not been made since October, 1953 at which time this cause of action accrued. Therefore, in an action for debt, since under the Michigan law the action may be commenced within 6 years from the date the action accrues, it is plainly seen that the plaintiff here is not barred by the statute of limitations. Further, the action was commenced within the ten years since the judgment was rendered in Michigan. Therefore, since this suit would not be barred under Michigan law, it is not barred here. Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209.

Accordingly, plaintiff's motion for summary judgment is hereby granted, and defendant's motion for judgment on the pleadings is hereby denied.

Counsel will present appropriate order.