WEAVER *v.* WEAVER

1. DIVORCE—MODIFICATION OF SUPPORT—AFTERBORN CHILDREN—POWER OF COURT—DENIAL OF PATERNITY.

Where divorced mother seeks to amend a judgment of divorce providing for child support to include support for a child not mentioned therein and born less than 9 months after entry of the judgment, and father denies paternity, the court is empowered to modify the support order, since the afterborn child was not mentioned in the judgment, although the denial of paternity may be a defense to such modification (CL 1948, § 552.17).

2. SAME—PATERNITY—MODIFICATION OF SUPPORT ORDER.

Denial of paternity may be a defense to a petition for modification of a judgment of divorce but it does not affect the properly invoked power of the court to modify support orders.

Appeal from Van Buren, Anderson (David, Jr.), J. Submitted Division 3 December 3, 1968, at Grand Rapids. (Docket No. 3,574.) Decided December 20, 1968.

Plaintiff Diana Weaver moved to amend her judgment of divorce from defendant Fred Weaver. Motion dismissed. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  24 Am Jur 2d, Divorce and Separation §§ 844–852, 861.

Jurisdiction of action by mother or child for support of child born after divorce in another state or country. 32 ALR 659.

Opening or modification of divorce decree as to custody or support of child not provided for in the decree. 71 ALR2d 1370.

Liability of mother's husband, not the father of her illegitimate child, for its support. 90 ALR2d 583.

*James & Dark,* for plaintiff.

*Killian, Spelman & Taglia (Carl R. Burdick,* of counsel), for defendant.

Per Curiam.  On June 8, 1964, plaintiff obtained a judgment of divorce providing for child support. In September, 1966, she filed a petition in circuit court to amend the judgment to include support for a child, not mentioned in the support order, born to her on February 24, 1965, less than 9 months after the judgment of divorce was entered.  The court dismissed the petition, holding that it lacked the power under CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97)[1] to grant the requested relief.  In so holding the court relied on *Havens* v. *Havens-Anthony* (1953), 335 Mich 445, as authority.

In plaintiff's petition to amend the judgment of divorce she alleged that for 2 months prior to the entry of the judgment she and defendant attempted a reconciliation which included the resumption of marital relations.  She further alleged that within 9 months thereafter the child for whom she seeks support was born and is defendant's child.  Defendant does not deny these allegations but instead contends that the court lacked the power "to revise and alter a decree covering the paternity of a child not mentioned in the judgment of divorce."  In effect, defendant persuaded the trial court that it was without power to establish the paternity of the afterborn child under the authority of the statute conferring on courts the power to alter or modify

---

[1] CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97) reads as follows: "Sec. 17.  The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require."

decrees concerning the care, custody and mainte-
nance of children. Defendant's position is well-
taken and is supported by *Havens* v. *Havens-An-
thony, supra.* However, plaintiff did not seek a
determination of paternity but sought a modifica-
tion of a support order and her petition was proper
under CL 1948, § 552.17, *supra.* The above statute
grants authority to courts to modify judgments of
divorce to provide for support of children not men-
tioned in the judgment. *West* v. *West* (1928), 241
Mich 679.[2]

A denial of paternity may be a defense to a peti-
tion for modification of a support order but it should
not be viewed as affecting the power of a court,
vested by statute, to make such a modification.
Whether or not defendant can effectively disclaim
paternity has no bearing on the power of a court,
when properly invoked, to modify support orders
and in no way affects plaintiff's right to a hearing
on the merits.

Reversed and remanded for further proceedings.

R. B. Burns, P. J., and J. H. Gillis and Corkin,
JJ., concurred.

---

[2] 3 Comp. Laws 1915, § 11408, cited in *West, supra,* is identical
to CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97).