WASON v WASON

Docket No. 31193. Submitted March 20, 1978, at Detroit.—Decided
    May 11, 1978.

Complaint by Cindy Wason against Robert Wason for divorce.
    Default judgment of divorce granted with an award of child
    support to the plaintiff for the parties' one child. A second child
    was born to the plaintiff three months after the judgment of
    divorce was entered, and the plaintiff applied for aid to depen-
    dent children assistance. The Allegan County Friend of the
    Court petitioned for modification of the divorce judgment to
    include support for the second child. Defendant challenged the
    standing of the Friend of the Court to bring the petition. The
    Allegan Circuit Court, James R. Corsiglia, J., found that the
    petition was properly brought and denied defendant's motion
    for summary judgment. Defendant appeals by leave granted.
    *Held:*

A statute permits the Friend of the Court, with or without
    consent of the mother, to petition a court to modify a judgment
    of divorce to include a child or children of the parties not
    included in the divorce judgment after the child or children
    become subjects of public assistance.

Affirmed.

R. M. MAHER, J., dissented, writing that the majority opinion
    creates an unjustifiable distinction among the classes of chil-
    dren of divorced parents because it allows the Friend of the
    Court to petition for modification of the judgment to include
    post-judgment children when the judgment contains a provision
    for support but it would not permit such a petition where the
    judgment contains no provision for the support of children.

OPINION OF THE COURT

1. DIVORCE—INFANTS—CHILD SUPPORT—FRIEND OF THE COURT—PUB-
    LIC ASSISTANCE—PETITION FOR MODIFICATION—JUDGMENT.
    A statute permits the Friend of the Court, with or without

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 742, 846, 850.
    Change in financial condition or needs of parents or children as
        ground for modification of decree for child support payments. 89
        ALR2d 7.

consent of the mother, to petition a court to modify a judgment of divorce to include a child or children, who are subjects of public assistance, not included in the divorce judgment (MCL 552.252a; MSA 25.172[1]).

DISSENT BY R. M. MAHER, J.

2. DIVORCE—INFANTS—CHILD SUPPORT—MODIFICATION OF JUDGMENT —FRIEND OF COURT—PETITIONS—UNJUSTIFIABLE DISTINCTIONS.

The Friend of the Court is not granted the power by statute to petition a court for the modification of a divorce judgment to include children, who are subjects of public assistance, not included in the judgment; the plain language of the statute setting out the powers of the Friend of the Court in such instances does not support such authorization and an interpretation of the statute which authorizes such action results in unjustifiable distinctions between classes of post-judgment children because it would allow the Friend of the Court to act where the judgment contained a provision for support but not where there was no prior provision for support (MCL 552.252a; MSA 25.172[1]).

*Fred R. Hunter,* Prosecuting Attorney, and *Douglas E. Ketchum,* Assistant Prosecuting Attorney, for plaintiff.

*Stephen M. Kantz,* for defendant.

Before: D. F. WALSH, P. J., and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. Plaintiff-appellee, Cindy Wason, filed a complaint for divorce against defendant-appellant, Robert Wason, on May 25, 1972. A default judgment of divorce was granted on May 20, 1974, which awarded custody of the parties' minor child to the mother and required the father to pay child support in the amount of $33 per week. Appellee gave birth to a second child on August 30, 1974. On January 6, 1976, a petition was filed by the Allegan County Friend of the

Court for modification of the judgment of divorce to include the second child and to order payment of support for the second child. The petition alleges that plaintiff has received aid to dependent children assistance for both children for some time. The Friend of the Court does not claim to have the express permission of the appellee to file the petition, and an affidavit was filed by appellee wherein she denied granting express authority to the Friend of the Court to file the petition. In addition, she asserts that defendant had "no opportunity or access" to be the father of the second child.

Appellant filed a motion challenging the standing of the Friend of the Court to bring such a petition. The trial court found that the Friend of the Court had statutory authority to file the petition and denied appellant's motion for summary judgment. Appellant appeals by leave granted.

The sole issue on appeal is whether the Friend of the Court may, without consent of the mother, bring a post-judgment petition to modify a judgment of divorce to request support for a child born approximately three months subsequent to the final judgment, where the child receives aid to dependent children assistance, but was not mentioned in the pleadings or judgment of divorce, paternity has not been litigated and the judgment of divorce was taken by default. The trial court found that the statute empowered the Friend of the Court to bring such a petition saying, among other things:

" * * * Further, the statute does not exclude the post-judgment birth of a child from consideration as a change in economic conditions. The statute does expressly define the receipt of public assistance on behalf of a child who is the subject of a support order to be

such a change in economic and financial conditions
which would merit the Friend of the *[sic]* Court pe-
titioning the court.

"In this divorce case, support has been ordered for
one child and an additional child has been born to the
divorced mother and she is receiving public assistance
for both children. All of the statutory requirements are
therefore satisfied and the Friend of the Court has
standing to petition the court for modification of the
divorce under the provisions of MCLA 552.252a."

The question is entirely one of statutory inter-
pretation. The pertinent statutes delineating the
powers of the Friend of the Court are §§ 1, 2, 2a
and 3.[1] Section 2a, which was amended in 1968,
provides as follows:

"Sec. 2a. The friend of the court shall examine all
records and files in divorce cases where judgments have
been entered requiring payments for the benefit of a
dependent minor child or children and conduct such
other investigation as is necessary to ascertain if such
payments are sufficient in view of both changing eco-
nomic conditions and financial condition of the parties,
as follows:

"(a) Every 2 years in cases where the dependent
minor child or children are being supported in whole or
in part by public welfare.

"(b) On his own motion in cases where he is informed
and believes that due to such changing conditions the
judgments should be modified.

"(c) On oral or written request of the custodian of the
dependent minor child or children, but not more than
once in every 2 years.

*"Whenever a parent or guardian of a dependent
minor child or children receiving payments from a
judgment entered in a divorce case for the dependent
child or children applies for or is receiving any form of
public aid or support on behalf of the child or children,
this fact may be determined by the court to constitute a*

---

[1] MCL 552.251 *et seq.;* MSA 25.171 *et seq.*

*change in the economic and financial conditions of the
parties and the friend of the court may petition for
modification of the judgment.*

"The friend of the court shall petition the court for
modification of the judgment when he deems it in the
interest of the dependent minor child or children or in
the interest of the public."[2] (Emphasis added.)

The apparent intention of the statute was to
authorize and empower the Friend of the Court to
initiate legal proceedings to require fathers to
support their offspring. Where public tax monies
are used to support dependent minor children,
public policy requires a solid effort to obtain reim-
bursement from responsible parents when they are
economically able. The 1968 amendment was in-
tended to broaden the power of the Friend of the
Court to seek payment by fathers and to plug a
possible loophole in the statute that might have
prevented the Friend of the Court from claiming
payment of public assistance could be a basis for
modification of support orders.

The question then is whether the statute was
intended to empower the Friend of the Court to
petition for modification of a divorce judgment to
include a child not covered in the divorce judg-
ment.

There is as much reason to seek payment or
reimbursement by a father, in lieu of or supple-
mental to aid to dependent children payments, in
the case of a child not included in the divorce
judgment as a child who is included. It is the same
public pocket from which the payment must be
made. We have no difficulty in concluding that the
Legislature intended that the Friend of the Court
be empowered to seek reimbursement as one
means of preventing parents from cheating the

_____
[2] MCL 552.252a; MSA 25.172(1).

public treasury by not mentioning in a divorce
judgment a child or children who receive public
assistance. In short, we find the statute permits
the Friend of the Court, with or without consent of
the mother, to petition a court to modify a judg-
ment of divorce to include a child or children not
included in the divorce judgment and who are
subjects of public assistance.

Therefore, we find the trial judge's opinion per-
mitting the Friend of the Court to do so was not
clearly erroneous.

While we affirm the trial judge's ruling, this
only means that the case is remanded for a hear-
ing regarding paternity. In view of the sworn
affidavit filed by the mother, we are somewhat at a
loss as to how the Friend of the Court can hope to
succeed in establishing paternity. We note that
evidence that the child was not born of these
parties' marriage is admissible under *Serafin v
Serafin*.[3] It would appear that the Friend of the
Court enjoys only a hollow victory. However,
maybe there are facts that have not yet been
disclosed.

Affirmed, costs to abide the final result.


R. M. MAHER, J. *(dissenting)*. There is no statu-
tory authority which empowers the Friend of the
Court to petition a court to modify a judgment of
divorce to include a child born after the judgment
who is not included in the provisions of the divorce
judgment and who receives public assistance.

Unless specific authority of law is conferred on a
third party, the only parties to a divorce action are
husband and wife. The Friend of the Court is a
specifically authorized third party who derives his
power from MCL 552.252a; MSA 25.172(1) which

---

[3] *Serafin v Serafin*, 401 Mich 629; 258 NW2d 461 (1977).

provides that he may examine records in divorce cases when the divorce judgment contains a support provision for a minor child. The Friend of the Court can petition the court for modification of judgment when he deems it in the best interest of the dependent minor child or children or in the interest of the public.

By statute, then, the Friend of the Court can only examine the records in cases in which judgments have been entered requiring payments for the benefit of a dependent minor child or children. Thus the Friend of the Court has authority to petition for modification of the divorce judgment when the judgment contains a support provision. Concomitantly, when the judgment does not contain a support provision, even though minor children may be involved, the Friend of the Court has no power to petition for a modification of the divorce judgment.

The issue before this Court is whether the Friend of the Court can petition to modify a divorce judgment to provide for support payments for a child not mentioned in and born after a divorce judgment when the judgment does contain support provisions for a child born before the judgment. In this particular case, the child born after the judgment does receive aid to dependent children assistance.

The trial court found that the statute empowered the Friend of the Court to petition for modification. The court stated that "the statute does not exclude the post-judgment birth of a child from a consideration as a change in economic conditions". By the same token, however, the statute does not include the post-judgment birth of a child from consideration as a change in economic conditions. Furthermore, the trial court completely miscon-

strues the language of the statute. It is not the birth of a child which is to be considered as a change in economic conditions, as the trial court states. The change in economic conditions is the receipt by children—children receiving payments from a judgment entered in a divorce case—of public assistance. There is no statutory mention, no intimation of the birth of a post-judgment child as constituting a change in economic conditions.

The majority, wisely eschewing the trial court's misguided reasoning, states that the purpose of the part of MCL 552.252a which deals with the factor of public assistance is to obtain reimbursement from responsible parents whose children receive public assistance. The majority opines that there is as much reason to seek payment or reimbursement by a parent in lieu of or supplemental to aid to dependent children payments in the case of a child not included in the divorce judgment as a child who is included. "It is the same public pocket from which the payment must be made." All of this is, perhaps, true. But nothing in the statute gives the Friend of the Court the power to seek that payment or reimbursement when the child in question is not covered in the divorce judgment.

To interpret the statutory language as the majority does is to create an unjustifiable distinction among the classes of children of divorced parents. While the statute would allow the Friend of the Court to petition for modification because of post-judgment children when the judgment contains a provision for support, it still would not permit the Friend of the Court to petition for support payments for post-judgment children when the judgment contains no provision for the support of existing children.

As for that section of MCL 552.252a which deals

directly with children receiving public assistance, it too, under the majority's interpretation, results in unjustifiable discrimination. I cannot, therefore, agree that MCL 552.252a authorizes the Friend of the Court to petition for modification of support payments for children born after the judgment of divorce. The plain language of the statute does not support such authorization and an interpretation of the statute which authorizes such action results in unjustifiable distinctions between classes of post-judgment children.

Finally, the plaintiff, if she desires, may herself bring an action to amend the divorce judgment to include a support order for her second child. *Weaver v Weaver*, 15 Mich App 15; 166 NW2d 4 (1968).

While the result the majority reaches may be laudable, it is unsupported by statutory authority. The Friend of the Court does not have the power the majority grants him.