BOWMAN v BOWMAN

Docket No. 46358. Submitted February 11, 1982, at Detroit.—Decided
    April 21, 1982.

Michael J. Bowman and Bonnie Sue Bowman were divorced in
    1977. The judgment mentioned no children. Shortly after the
    divorce, Bonnie Bowman gave birth to a child conceived during
    the marriage. Mrs. Bowman began receiving public assistance
    on behalf of the child. The friend of the court petitioned the
    Lapeer Circuit Court to modify the divorce decree to provide for
    support for the child. The court, Martin E. Clements, J., ad-
    judged Michael Bowman to be the father and ordered support.
    Mr. Bowman appealed. *Held:*

    1. A statute permits the friend of the court, with or without
    consent of the mother, to petition a court to modify a judgment
    of divorce to include support for a child or children who are
    subjects of public assistance and not included in the original
    divorce judgment.

    2. The court did not err in applying the presumption of
    legitimacy. The Equal Protection Clause does not prohibit the
    application of a rebuttable presumption of legitimacy where a
    child is conceived during a marriage.

    Affirmed.

1. PARENT AND CHILD — CHILD SUPPORT — FRIEND OF THE COURT —
    PETITION FOR MODIFICATION — STATUTES.

    A statute permits the friend of the court, with or without consent
    of the mother, to petition a court to modify a judgment of
    divorce to include support for a child or children who are

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 829, 830, 852, 861.
    Opening or modification of divorce decree as to custody or support
    of child not provided for in decree. 71 ALR2d 1370.
    Father's liability for support of child furnished after entry of decree
    of absolute divorce not providing for support. 69 ALR2d 203.
[2] 10 Am Jur 2d, Bastards § 15.
    Presumption of legitimacy of child born after annulment, divorce,
    or separation. 46 ALR3d 158.

subjects of public assistance and not included in the original divorce judgment (MCL 552.252a; MSA 25.172[1]).

2. PARENT AND CHILD — PRESUMPTION OF LEGITIMACY — EQUAL PROTECTION.

The Equal Protection Clause does not prohibit the application of a rebuttable presumption of legitimacy where a child is conceived during a marriage.

*Morrice, Lengemann & Rickard, P.C.,* for plaintiff.

*Earl H. Morgan, Jr.,* Prosecuting Attorney, and *Justus C. Scott,* Assistant Prosecuting Attorney, for defendant.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

D. C. RILEY, P.J. A default judgment of divorce was entered February 7, 1977, dissolving plaintiff's and defendant's marriage. The order listed no children of the marriage. However, as the facts later developed, defendant gave birth to Brandi Bowman on March 13, 1977. Brandi was conceived during the parties' marriage.

On July 19, 1977, the friend of the court filed a petition to modify the judgment of divorce to provide for the support of Brandi. The defendant was receiving public assistance on the child's behalf and the friend of the court wished to recoup money paid in benefits under the state's cooperative reimbursement program. Plaintiff denied paternity and filed a demand for blood tests on August 19, 1977, and interrogatories to Bonnie Bowman on September 7, 1977. Ms. Bowman did not cooperate in a timely fashion but ultimately the interrogatories were answered and the blood tests taken.

After a bench trial on July 6, 1979, plaintiff was

adjuged the father and an order of $35 per week support was entered. Plaintiff appeals as of right.

Plaintiff argues that the friend of the court lacks statutory authority to petition the court for a modification of the divorce judgment to provide support for a child born after the judgment of divorce where there are no minor children of the marriage listed in the judgment.

MCL 552.252a; MSA 25.172(1) empowers the friend of the court to petition the circuit court for modification of support under the following guidelines:

"The friend of the court shall examine all records and files in divorce cases where judgments have been entered requiring payments for the benefit of a dependent minor child or children and conduct such other investigation as is necessary to ascertain if such payments are sufficient in view of both changing economic conditions and financial condition of the parties, as follows:

"(a) Every 2 years in cases where the dependent minor child or children are being supported in whole or in part by public welfare.

"(b) On his own motion in cases where he is informed and believes that due to such changing conditions the judgments should be modified.

"(c) On oral or written request of the custodian of the dependent minor child or children, but not more than once in every 2 years.

"Whenever a parent or guardian of a dependent minor child or children receiving payments from a judgment entered in a divorce case for the dependent child or children applies for or is receiving any form of public aid or support on behalf of the child or children, this fact may be determined by the court to constitute a change in the economic and financial conditions of the parties and the friend of the court may petition for modification of the judgment.

"The friend of the court shall petition the court for

modification of the judgment when he deems it in the interest of the dependent minor child or children or in the interest of the public."

This statutory section was considered in *Wason v Wason,* 83 Mich App 364; 268 NW2d 405 (1978). In *Wason,* there was one living child of the marriage at the time of the divorce, May 20, 1974. Three months later, Cindy Wason gave birth to a second child. In January of 1976, the Allegan County Friend of the Court petitioned to modify the judgment of divorce to include support for the second child. The petition alleged both children were receiving some form of public assistance. Ms. Wason filed an affidavit wherein she denied granting express authority to the friend of the court to file the petition. She further asserted defendant had no opportunity or access to be the father of the second child.

The question before the *Wason* Court, as framed by it, was "whether the statute was intended to empower the friend of the court to petition for modification of a divorce judgment to include a child not covered in the divorce judgment". *Id.,* 368. The majority concluded that the statute was intended to give the friend of the court such power. The Court stated:

"The apparent intention of the statute was to authorize and empower the Friend of the Court to initiate legal proceedings to require fathers to support their offspring. Where public tax monies are used to support dependent minor children, public policy requires a solid effort to obtain reimbursement from responsible parents when they are economically able. The 1968 amendment was intended to broaden the power of the Friend of the Court to seek payment by fathers and to plug a possible loophole in the statute that might have prevented the Friend of the Court from claiming payment of public

assistance could be a basis for modification of support orders.

* * *

"In short, we find the statute permits the Friend of the Court, with or without consent of the mother, to petition a court to modify a judgment of divorce to include a child or children not included in the divorce judgment and who are subjects of public assistance." *Id.,* 368-369.

Judge MAHER, dissenting in *Wason,* found no specific authority of law for the friend of the court to act as it did in that case. The case at bar is the next logical extension of *Wason* which Judge MAHER lamented over, stating:

"To interpret the statutory language as the majority does is to create an unjustifiable distinction among the classes of children of divorced parents. While the statute would allow the Friend of the Court to petition for modification because of post-judgment children when the judgment contains a provision of support, it still would not permit the Friend of the Court to petition for support payments for post-judgment children when the judgment contains no provision for the support of existing children." *Id.,* 371.

We agree with the *Wason* majority that the intention of the Legislature, regarding the ambiguous MCL 552.252a; MSA 25.172(1), was to allow the friend of the court to petition the court to modify a judgment of divorce to include a child of the marriage born after the marriage who was not included in the judgment and who is receiving public assistance. The *Wason* dissent's concern over "unjustifiable distinction among classes of children" is well taken. However, we conclude that the Legislature intended the friend of the court to have the power to petition even when the divorce

judgment contains no provision for the support of existing children.

We note that the friend of the court's power to petition does not prejudice plaintiff as paternity must still be established. Since *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), the presumption that children born during a marriage are children of the marriage is no longer irrebuttable. Therefore, the friend of the court will not be able to establish paternity without the aid of the mother.

Plaintiff argues, in this case, that the friend of the court failed to respond to his interrogatories for 18 months and thereby denied him his constitutional right to due process. On September 7, 1977, plaintiff served 42 interrogatories on defendant. On March 27, 1979, plaintiff filed a motion for dismissal for failure to file answers to interrogatories. A circuit judge may dismiss a complaint without prejudice for wilful failure to submit answers to interrogatories under GCR 1963, 313.4. *Humphrey v Adams,* 69 Mich App 577, 581; 245 NW2d 167 (1976). The trial court refused to dismiss in this case, noting the reasons for the delay, but required a prompt filing. The answers were filed on March 29, 1979, and the trial date was changed to July 6, 1979.

Plaintiff also claims due process was violated by defendant's failure to comply with the request for blood tests. Plaintiff filed a demand for blood tests on August 19, 1977. Plaintiff's attorney apparently never contacted defendant or the friend of the court to make arrangements for the tests. Nor did plaintiff move for an order to compel blood tests. The tests were finally taken in June of 1979. The delay was apparently as much plaintiff's fault as defendant's or the friend of the court's. The record

convinces us that no reversible error exists on these grounds.

Regarding plaintiff's third argument, we conclude that the trial judge did not abuse his discretion in refusing to adjourn the trial when plaintiff had been unable to subpoena a witness where plaintiff had two months notice of the trial date, plaintiff had no idea where the witness resided, and the relevance of the evidence plaintiff hoped to elicit from the witness was highly speculative.

Finally, we reason that the government has a legitimate interest in applying a presumption in favor of legitimacy where a child is conceived during the marriage. The distinction between the burden of proof for children conceived during and outside of the marriage does not violate equal protection.

Affirmed. No costs, a public issue being involved.