HAVENS *v.* HAVENS-ANTHONY.

1. EQUITY—REHEARING—TIME FOR FILING APPLICATION—NEWLY-DISCOVERED EVIDENCE.
   The time within which an application for rehearing may be filed in a chancery case is 2 months after entry of a final decree, a period which may be extended to 4 months where newly-discovered evidence is claimed (Court Rule No 48 [1945]).

2. SAME—CORRECTION OF CLERICAL ERRORS.
   Clerical errors in a decree in a chancery suit may be corrected at any time within 3 months after the entering of the decree by order of the court and without rehearing (Court Rule No 48 [1945]).

3. SAME—REHEARING—FRAUD.
   An exception to the requirement that an application for a rehearing in an equity case be filed within the time prescribed by court rule may be made, where it appears that there was fraud in the obtaining of the decree (Court Rule No 48 [1945]).

4. DIVORCE—REHEARING—COLLUSION.
   A rehearing in a suit for divorce will not be granted after the decree has been a matter of record for more than 3 years and

---

REFERENCES FOR POINTS IN HEADNOTES

[5] Generally as to the determination of the legitimacy of children in divorce action, see 17 Am Jur, Divorce and Separation § 444.
[7, 8] 17 Am Jur, Divorce and Separation §§ 684–686, 703.
[9] 17 Am Jur, Divorce and Separation § 692.

the parties involved have conducted themselves during that period believing it was final and binding, to do so could result in making a marriage of 1 of the parties in another State into a bigamous relationship, where collusion between the parties may be suspected but cannot with certainty be said to have existed (Court Rule No 48 [1945]).

5. SAME—PARTIES—PATERNITY OF CHILD.

Joinder of man, a resident of California, in petition in suit for divorce in this State for determination of paternity of child born in California before mother had been divorced from plaintiff husband, was properly dismissed, where he was not a party to the original suit for divorce, his joinder was attempted without order of the court and long after the time for filing application for rehearing had passed (Court Rule No 48 [1945]).

6. EQUITY—ADDITION OF PARTIES.

New parties may be added in equity, by order of the court, at any stage of the cause up until the cause of action is decided by final decree (CL 1948, § 612.13).

7. DIVORCE—CONTINUING JURISDICTION AFTER DECREE.

The continuing authority in a court of equity to revise or alter provisions of a divorce decree for the care, custody and support of the children or alimony for the wife is in recognition of the fact that the continuing welfare of those persons may be adversely affected by changing circumstances unless such provisions in the decree are also changed, but other rights of the parties flowing from the divorce or from the assignment of property after the final decree is entered cannot be altered as the cause does not continue after that time (CL 1948, §§ 552.17, 552.28).

8. SAME—STATUTES—MODIFICATION OF DECREE—CUSTODY AND SUPPORT OF CHILDREN.

The statutory authority conferred upon a circuit court to revise or alter a divorce decree concerning the care, custody and maintenance of the children of the parties may be exercised, notwithstanding an omission to provide therefor in the decree, when sought by either parent, the exercise of such power being dependent upon the circumstances of the parents and the welfare of the child (CL 1948, § 552.17).

9. SAME—STATUTES—COMMON LAW—SUPPORT OF CHILDREN.

The divorce statute relative to the custody and maintenance of children of the parties is in recognition of the common-law obligation resting upon the father and leaves it to the court

to prescribe the amount to be paid by the father for such purpose so as to assure support of the child, the obligation and power to enforce it remaining as long as the need exists (CL 1948, § 552.17).

10. SAME—OMISSION OF PROVISION FOR SUPPORT OF CHILD.

The omission in decree of divorce to mention a child born to the mother in California before the decree was entered and on whose birth certificate appeared the name of a man other than the husband as the father, would not preclude the court of this State from now making provision for the care, custody and maintenance of such child if it appears that the child is in need (CL 1948, § 552.17).

11. SAME—MODIFICATION OF DECREE—DETERMINATION OF PATERNITY.

A petition for determination of the paternity of a child born before decree of divorce was entered does not initiate a proceeding for modification of the decree in a respect authorized by provisions of the statute permitting modification of such decree as to care, custody and maintenance of a child or alimony for the wife (CL 1948, §§ 552.17, 552.28).

12. SAME—QUESTIONS REVIEWABLE—RES JUDICATA—CUSTODY OF CHILD.

Whether custody of child born to defendant wife while in California before divorce from plaintiff husband had been decreed and before marriage to another man was *res judicata* because of California decree she obtained from such other man is not determined in proceeding to determine paternity initiated by petition of both parties to Michigan suit for divorce.

Appeal from Jackson; Boardman (Harry D.), J. Submitted October 10, 1952. (Docket No. 46, Calendar No. 45,600.) Decided January 5, 1953.

Divorce proceedings by Dale L. Havens against Vivian Ann Havens. On petition by plaintiff and defendant against Dale Frederick Anthony to determine parentage of child and injunction. Petition dismissed on motion of Dale Frederick Anthony. Plaintiff and Vivian Ann Havens-Anthony appeal. Affirmed.

*Haskell L. Nichols,* for plaintiff.

*Dudley & Rogers,* for defendant.

ADAMS, J. This is an appeal from an order of the circuit court in chancery of Jackson county dismissing a petition asking for the determination of the paternity of a minor child.

On May 1, 1949, Vivian Ann Havens gave birth to a daughter in California. Despite the fact that at that time she was married to Dale L. Havens, a resident of Michigan, the birth certificate of the child registered in California listed Dale Frederick Anthony as the father of the child.

On November 21, 1949, Dale L. Havens was granted an interlocutory decree of divorce in Michigan on the grounds of extreme cruelty. Service had been obtained by publication and a property-settlement agreement dividing the property between the parties had been filed with the court. This agreement was signed by both Dale L. Havens and Vivian Ann Havens and stated, among other things, that the parties had 2 children. Those 2 children, together with the third child born May 1, 1949, whose existence was not disclosed to the court, were living with the mother in California and in the decree of divorce the court reserved the question of custody of the children.

On June 18, 1950, Vivian Ann Havens was married to Dale Frederick Anthony in the State of California. Slightly more than a year later, during August of 1951, a bill of complaint for divorce was filed by Vivian Ann Anthony in California charging that Dale Frederick Anthony had treated her in a cruel and inhuman manner. In the bill of complaint

it was alleged that the child born to Vivian on May 1, 1949, was the issue of their marriage. On October 18, 1951, an interlocutory decree of divorce was granted to Dale Frederick Anthony on his cross bill of complaint. This decree gave the custody of the minor child to the wife, required the husband to pay $15 per month for the support of the child and ordered that the child not be removed from California. The decree stated that it was interlocutory in nature and that a final judgment of divorce would not be entered until 1 year from that date and then only upon the request of 1 of the parties.

Almost immediately thereafter Vivian returned to Michigan with the 3 children and on November 5, 1951, she and her former husband, Dale L. Havens, filed a petition in the Michigan divorce case requesting a determination of the paternity of the youngest child. Dale Frederick Anthony was made a party defendant, without order of the court, and the court was asked to enjoin him from interfering with the custody of the child.

Dale Frederick Anthony was notified of the filing of the petition and entered a general appearance. Thereafter he filed a motion to dismiss the petition claiming the Michigan court did not have jurisdiction over him, that custody of the child had already been determined in California, and that the court had no authority by law to grant the relief asked. The court granted his motion to dismiss and petitioners claimed an appeal to this Court.

Michigan Court Rule No 48 (1945) authorizes the rehearing of equitable actions within prescribed time limitations. An application for rehearing may be filed any time within 2 months after entry of a final decree. This time is extended to 4 months where newly-discovered evidence is claimed. Clerical errors may be corrected at any time within 3 months after the entering of the decree by order of the

court and without rehearing. An exception may be made where it appears that there was fraud in the obtaining of the decree. *Lantinga* v. *Lantinga,* 318 Mich 78.

While it appears in the instant case that the defendant wife deliberately withheld pertinent facts from the court, it is not established that the husband knew of the existence of the third child. The decree was granted to him in reliance upon his testimony and while collusion between the parties may be suspected, it cannot with certainty be said to have existed. The decree has been a matter of record for more than 3 years and the parties have conducted themselves during that period believing that it was final and binding upon them. To grant a rehearing of the cause at this late date could result in making the California marriage a bigamous relationship. In no respect would it benefit either of the parties. We are of the opinion that there can be no rehearing of the cause under the court rules, nor that the circumstances of this case justify an exception to those rules.

We think, too, that the court acted properly in refusing to enter an order enjoining Dale Frederick Anthony from interfering with the custody of the minor child. He was not a party to the original action. His joinder was attempted without order of the court and long after the time for rehearing had passed. Admittedly, new parties may be added in an action in equity, by order of the court, at any stage of the cause (CL 1948, § 612.13 [Stat Ann § 27.665]), but this cause of action was decided when the final decree was entered. Continuing authority in the court to revise or alter provisions of a divorce decree for the care, custody and support of the children or alimony for the wife stems from a recognition of the fact that the continuing welfare of those persons may be adversely affected by changing

circumstances unless such provisions in the decree are also changed. The court cannot, however, alter the other rights of the parties flowing from the divorce or from the assignment of property after the final decree is entered, and we are of the opinion that the cause does not continue after that time.

Looking to the broader aspects of the problem in the interest of accomplishing that which would be of greatest benefit to the child, we observe that CL 1948, § 552.17 (Stat Ann § 25.97) gives authority to the circuit court, upon petition of either of the parents, to revise or alter a divorce decree concerning the care, custody and maintenance of the children of the parties. A decree for alimony may likewise be revised or altered. CL 1948, § 552.28 (Stat Ann § 25.106). In the analysis of the first section above quoted, this Court has said:

"This means that children must be cared for, and the court, in a decree for divorce or upon the foot of such decree, when moved by either parent to do so, may reform the decree to accord with the welfare of the child within the means and ability of the father. When the decree for divorce omits to provide maintenance for a minor child, the power to so provide is not lost but only in abeyance, and, when the power in such case is invoked, its exercise does not depend upon the change of circumstances following the decree, but upon the circumstances of the parents and the welfare of the child.  *  *  *

"The divorce statute relative to the custody and maintenance of children of the parties is in recognition of the common-law obligation resting upon the father and leaves it to the court to prescribe the amount to be paid by the father for such purpose. The purpose is to assure support of the child, and, as long as the need exists, the obligation and power remain." *West* v. *West,* 241 Mich 679.

It follows, therefore, that the absence of any mention in the Michigan divorce decree of the child born on May 1, 1949, would not of itself preclude the court from now making provision for the care, custody and maintenance of such child if it appears that the child is in need.

The petition as filed in this cause does not come within any of the categories mentioned in the 2 sections of the statute. A determination of paternity would be neither a revision of the divorce decree concerning alimony nor the care, custody and maintenance of the children and is not, therefore, within the prescribed scope of those matters which may be revised or altered by the court.

In summation, we are of the opinion that there can be no rehearing of the original cause, that Dale Frederick Anthony was not properly joined as a party defendant and that the court had no authority by law to entertain a petition for determination of paternity after the final decree was entered. We find it unnecessary to determine whether the custody of the child became *res judicata* because of the California decree.

The order of the lower court is affirmed, costs to the appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.