MCKENZIE *v.* MCKENZIE.

DIVORCE—ALIMONY—FRAUD—LACHES.

> Defendant husband who waited until the end of a 5-year period
> during which he had agreed to, and did, pay alimony monthly
> before attacking original decree of divorce as a fraud upon
> him for failure to conform to the property settlement and
> alimony agreement he had made, and after the friend of the
> court had recommended continuance of the alimony payments
> *held*, to have been guilty of laches and of failure to move
> with proper dispatch on discovering the claimed mistake or
> fraud.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted June 4, 1957. (Docket No. 1, Calendar
No. 46,790.) Decided July 31, 1957.

Following decree of divorce granted Roberta K.
McKenzie Curtis in her action against T. Curtis Mc-
Kenzie and payment of alimony for a period of
years, each party petitioned for modification of de-
cree. Order entered continuing alimony payments.
Defendant appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Shock, Bolton & Graham* (*Frederick R. Bolton,* of
counsel), for defendant.

KELLY, J. After 26 years of married life plaintiff
and defendant decided they should dissolve their

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 792.

marital union and plaintiff should seek an absolute divorce. Preliminary to starting such action, an agreement (dated September 8, 1949) was entered into between plaintiff and defendant whereby defendant gave to his wife the home they were living in, the furniture, and further provided that "if and when a decree is entered" plaintiff should receive "the sum of $12,500" and that defendant "shall further pay to the plaintiff as alimony the sum of $500 per month for a period of 5 years from the date upon which a decree is entered."

After filing her bill of complaint (September 12, 1949), plaintiff substituted attorneys. A series of conferences between her substituted attorney and the defendant resulted in her attorney's letter of January 9, 1950, to the defendant informing him that, in addition to the preliminary agreement (September 8, 1949) entered into by him with his wife before the divorce action was commenced, defendant had agreed to also pay the plaintiff's dentist and hospital bills, keep up the insurance payments for 5 years, pay for his daughter's education, provide expenses for his wife's round trip to California, pay to plaintiff-wife $2,500, and "at the end of 5 years, either party may apply to the court for a change in the monthly alimony based upon the circumstances that exist."

On January 11, 1950, defendant answered the letter and agreed to all the items plaintiff's attorney had set forth, but did not refer to the 5-year period at the end of which either party had the right to apply for a change in the monthly alimony.

Defendant was not represented by counsel, nor was he personally present, at the divorce hearing held before Honorable Thomas J. Murphy. After plaintiff's attorney's letter to defendant was introduced, the court stated:

"He (defendant) does not expressly agree to the alimony. He says nothing in his letter there and it sounds like he intended to stop after 5 years."

Plaintiff's attorney assured the court that the letter represented the agreement between the parties, and said: "We propose to serve him with a copy of the decree," to which the court answered, "All right."

The court's decree (February 9, 1950) provided for $500 per month alimony for 5 years, and at the end of 5 years the parties could apply to the court for a modification of the monthly amount of alimony.

Five years after the decree was entered, plaintiff-wife filed her petition to modify the decree in regard to alimony (April 22, 1955), alleging that after 5 years she had such a right under the decree of February 9, 1950, to seek "modification of the monthly sum of alimony;" that during said 5-year period her living expenses had increased; that she was not well and under the care of a physician and unable to work; that defendant's income had increased, and that the alimony payments should be continued and increased to the amount of $600 per month.

Plaintiff's petition was followed by defendant's petition to modify the decree of divorce, alleging that in view of changing conditions he was no longer able to make the payments of $500 per month and that the alimony should be terminated, and that the income "from her (plaintiff's) investments and the alimony which has been faithfully paid in the period of 5 years, last past, has been more than adequate compensation and is wholly sufficient to support and maintain this plaintiff."

On August 1, 1955, the friend of the court made a report on plaintiff's and defendant's petitions, which report disclosed that since the decree of divorce the husband had remarried; that the wife's statement that she was not in good health was supported by a doctor's statement that she was under

his "care for arthritis, heart trouble, and hypertension," and that she reports to the doctor's office once a week; that the defendant husband was asking the court "to terminate all alimony and medical expenses because the property settlement was agreed upon that she would receive $500 per month for 5 years and that it would be terminated after 5 years;" that the alimony record disclosed that he had paid plaintiff $29,500 during the 5-year period.   The friend of the court's report concluded as follows:

"According to the facts presented in this report, there does not appear to be any change of circumstances to warrant final termination of the permanent alimony.   The wife is unemployed and under medical care.   The husband's financial circumstances are substantially the same as reported at the time of investigation on his previous petition to modify the decree.

"It is recommended that the decree of divorce be modified to provide for the continuance of the $500 per month permanent alimony until the further order of the court."

Defendant filed his objections to the recommendations of the friend of the court, and attached thereto a copy of the property-settlement agreement of September 8, 1949, and alleged that the decree of divorce as entered did not reflect the court's understanding of the intention of the parties and/or the property-settlement agreement.

Both plaintiff's and defendant's petitions for modification of decree were heard together, resulting in the court's order of August 3, 1955, that:

"The court having found and determined and does hereby find, determine and adjudge that the said provision of alimony is subject to modification; and the friend of the court having carefully investigated the matter and having considered the information furnished to him in regard to the circumstances of

the parties and recommended that the decree of divorce be modified to provide for the continued payment of $500 per month permanent alimony until the further order of the court   *   *   *

"It is hereby ordered that the provision of the said decree insofar as the said decree relates to alimony, may be and the same hereby is modified so as to require the defendant to pay to the plaintiff, through the friend of the court, the sum of $500 per month from and after the 9th day of February, 1955, and continuing monthly thereafter and hereafter until the further order of the court."

Within 20 days after the trial court's order, defendant filed a petition for rehearing and in support thereof attached his attorney's affidavit to the effect that no testimony was taken at the hearing for modification of decree.  The record does not disclose that defendant made a request that testimony be taken to establish fraud, or for any other purpose, or that the petition challenged the original decree for fraud.

The court, after hearing arguments of counsel, denied defendant's petition for rehearing (October 28, 1955).  Counsel for defendant then advised the court of their intention to appeal to this Court and requested the trial judge to file his reasons for denying defendant's petition for rehearing.

On November 8, 1955, the trial court filed said reasons in an opinion, stating that at the time the original hearing was held and plaintiff testified, he called attention to the fact that there was some question in regard to the court's right to consider alimony after the 5-year period and he was advised by plaintiff's attorney that he would serve defendant with a copy of the decree so there would be no question about it.  The court then stated:

·  "The record does not clearly show when the defendant was served with a copy of the decree, but the

record does show that several years thereafter motions were made to modify this particular section of the decree, and that at the end of the 5 years a motion was filed by Mr. Barnard to modify the decree to continue the alimony in behalf of the wife, and a motion was also filed on behalf of the defendant by his attorney to modify the decree so that it would eliminate any future alimony.

"Nothing was said in that motion by the defendant about the decree not being in conformity with the property settlement agreement of the parties. It was only after the friend of the court recommended that the alimony be continued that the defendant took the position that the decree did not correspond to the actual property settlement between the parties and that it was a fraud upon him.

"I am of the opinion that the defendant knew and fully understood the provisions of the decree allowing the court to extend the payment after the 5 years. His action in filing 2 motions to modify and in asking the court to modify the decree at the end of the 5 years certainly shows that he knew what the decree contained, and that he made no objection to it until after the friend of the court made his recommendation.

"In view of the above I am of the opinion that the decree corresponded with the actual property settlement agreement between the parties at the time the divorce decree was granted and that the written agreement had been modified by the parties.

"I am also of the opinion that the defendant was familiar with the terms of the decree in reference to either party applying for modification at the end of the 5 years, and that if the decree did not meet the agreement between the parties he has waited too long to complain about the same; that he has been guilty of laches and of failure to move with proper dispatch on discovering the claimed mistake or fraud."

We agree with the trial court. Affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.