OHLMAN v OHLMAN

1. Parties—Service of Process—Divorce.

The practice of a trial court to instruct or authorize one party litigant to effect personal service on the adverse party is not approved, particularly in the often emotionally charged atmosphere of proceedings to amend a judgment of divorce.

2. Divorce—Modification of Judgment—Service of Process—Attorney of Record.

A party in an action to amend a judgment of divorce who rests the validity of service on the adverse party upon the mailing of papers to the "attorney of record" who represented the adverse party before the entry of a final judgment of divorce does so at his own peril, since once a judgment of divorce has been entered the litigation is concluded as far as the original attorney is concerned.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 June 7, 1973, at Grand Rapids. (Docket Nos. 15826, 15827.) Decided September 21, 1973.

Complaint by Janet R. Ohlman against Robert C. Ohlman for divorce. Divorce granted. Plaintiff's motion to amend the judgment of divorce was granted. Defendant's petition for rehearing and to amend the judgment denied. Defendant appeals. Order denying defendant's petition for rehearing and to amend the judgment vacated, and remanded for further proceedings with instructions.

*Varnum, Riddering, Wierengo & Christenson* (by

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 284 *et seq.*

*Robert J. Eleveld* and *Thomas J. Barnes),* for plaintiff.

*Dilley & Dewey,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and O'HARA,* JJ.

PER CURIAM. A judgment of divorce on a complaint filed by plaintiff wife was entered on March 31, 1970 in Kent County Circuit Court. The judgment provided, among other things, for child support of $25 per child per week for the three minor children and for visitation privileges.

Between the judgment of 1970 and the filing of the petition to amend the judgment of divorce on which this appeal is founded, various petitions and orders concerning visitation disputes and schedules were filed and entered on behalf of plaintiff.

Defendant appeals from two orders entered on July 31 and September 25, 1972, which gives rise to consolidated appeals.

Under date of July 14, 1972 plaintiff's attorney signed and filed, without verification by plaintiff, a "Motion to Amend Judgment of Divorce" and requested that (1) defendant's visitation rights be limited; (2) a permanent injunction be granted preventing defendant from entering plaintiff's house under any circumstances, and (3) the child support be increased to $50 per week per child.

The trial judge entered an order curtailing defendant's visitation privileges, granting the permanent injunction, and increasing the child support from $25 to $40 per week per child. Defendant filed a petition for rehearing and relief from the

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

order amending the judgment of divorce. The trial court denied it. Defendant appealed of right.

In effect, his argument is that the claimed service upon him was fatally infirm and conferred no jurisdiction upon the court to amend the judgment and that he has been denied his day in court and any opportunity to present evidence in his own behalf.

Plaintiff replies that defendant had actual knowledge of the pendency of the proceedings whether the service on him was infirm or not, and that besides his attorney of record was served as provided for by GCR 1963, 107.2(1). We address ourselves first to the question of service.

Notice of hearing was signed and filed by plaintiff's attorney and sent to the attorney who represented defendant in the original proceedings, stating that the motion was noticed for hearing on Friday, July 21, 1972.

Both the motion and notice of hearing were dated four days prior to the July 18, 1972 filing.

Plaintiff's attorney has signed an affidavit that defendant's then attorney of record phoned deponent on July 18 or 19, 1972 and stated that he had discussed the pending motion with defendant by phone and was advised that defendant no longer wished that attorney to represent him on the pending motion.[1]

Plaintiff and her attorney appeared on July 21, 1972 at the appointed hour and neither defendant nor anyone in his behalf appeared. The trial judge was advised of the phone conversation and deponent says the trial judge "instructed plaintiff to personally serve on defendant an order to show

---

[1] We do not pass on the question of *actual* notice since the record is unclear as to whether defendant's former attorney of record specifically informed defendant as to the time and place the pending motion would be heard.

cause on the next occasion that defendant came to visit the children".

The trial judge then issued a show cause order to be served on defendant no later than Thursday, July 27, at 7:30 p.m.

It should not be an approved practice for the trial bench to "instruct" or authorize one party litigant, particularly in the often emotionally charged atmosphere of proceedings to amend a judgment of divorce, to effect personal service on the adverse party.

Plaintiff relies in part on *Gmelin v Gmelin,* 324 Mich 590, 593; 37 NW2d 561, 563 (1949):

"The petition to modify the decree was filed in the original proceeding, and rested on the theory that it related to a phase of the case over which the court retained jurisdiction. It was not a new and independent proceeding. *Metzinger v Metzinger,* 310 Mich 335; 17 NW2d 203 (1945). Michigan Court Rule No. 8 (1945) makes specific provision for the service of papers by mail on an attorney of record."

*Gmelin, supra,* is obviously controlling if the prior trial counsel was the "attorney of record" within the meaning of the opinion.

We think the time has arrived to come to grips with the question of when an attorney who represented one party in divorce proceedings ceases to be the "attorney of record" for the purpose of valid service under settled case precedent, and the cited rule.

It is no part of logic that, because a *court* retains jurisdiction over the subject matter of litigation, an attorney who has concluded his professional obligation in the proceedings, and who has been paid (or often has not), has the status of an "attorney of record" for the balance of his professional

career. When a judgment of divorce has been entered, the litigation as far as the attorney is concerned is concluded. Because one party continues to employ the same counsel does not oblige the other party to do likewise. We hold that a party who rests the validity of service upon an attorney who represented the other party before the entry of a final judgment of divorce does so at his peril.

It may well be that the relief granted by the trial court was justified by the record made. By our action here we indicate no opinion on the merits. We do feel that the questionable nature of the service, plus the timely action of defendant in seeking relief from the trial court's order, dictates that a complete record be available to the trial judge.

We vacate the order denying defendant's petition for rehearing and to amend the judgment. We remand to the trial court for an additional hearing with personal service of the notice thereof to be made on the defendant by someone other than the plaintiff. Costs to abide the outcome of the rehearing.