TALBOT v TALBOT

Docket No. 78-3924. Submitted May 7, 1980, at Lansing.—Decided
August 11, 1980. Leave to appeal applied for.

Plaintiff, Robert L. Talbot, was divorced from his wife, defendant
Marian J. Talbot, in the Kalamazoo Circuit Court in 1969. The
judgment of divorce contained a custody and support award to
the defendant. The judgment was twice modified by stipulation
to change custody and support obligations. On June 20, 1972,
plaintiff was served, by first-class mail, with notice that a
hearing would be held on August 30, 1972, to modify custody
and support. Plaintiff elected not to appear, believing the court
did not have jurisdiction over him. Following an *ex parte*
hearing, custody was changed, an arrearage was found and
child support and back child support were ordered. Plaintiff
moved for reconsideration, which was denied. At a later hear-
ing, further arrearages were found. On February 9, 1978,
defendant moved for a money judgment on the arrearages. At
the hearing plaintiff contended that defendant had waived
child support and that, in reliance therein, plaintiff had com-
mitted himself for a new home. A money judgment was en-
tered, C. H. Mullen, J. Plaintiff appeals. *Held:*

1. The circuit court had authority to reduce the support
installment arrearages to a judgment and the procedure uti-
lized, a petition followed by a hearing with notice, was proper.

2. The reduction of child support arrearages to judgment is
not a new cause of action and new process need not issue, but
the party against whom relief is sought is entitled to notice.
The procedure was proper.

3. The court rule requiring service of process upon the
prosecuting attorney in the initial proceedings for divorce
where there are minor children does not require service upon

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 659 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation §§ 557, 812.
[3, 4] 24 Am Jur 2d, Divorce and Separation § 862.

the prosecutor in enforcement of support proceedings. The prosecutor was not and did not need to be served.

4. The court properly held the findings of the prior arrearages in the earlier hearings were res judicata.

5. The commencement of an action under the Uniform Reciprocal Enforcement of Support Act does not bar further action in the original case. Defendant's commencement of a URESA action against plaintiff did not bar the court from making its order.

Affirmed.

1. DIVORCE — JUDGMENTS — ALIMONY — CHILD SUPPORT — ENFORCEMENT OF JUDGMENT.

There must be a petition and hearing to reduce an alimony or support order in a divorce judgment in equity to a judgment at law which is a final judgment before an execution may issue.

2. DIVORCE — JURISDICTION — CONTINUING JURISDICTION — CUSTODY — CHILD SUPPORT — NOTICE.

A court granting a judgment of divorce has continuing jurisdiction to revise, alter or amend the judgment with respect to custody and support; the reduction of child support arrearages to judgment is not a new cause of action and new process need not issue, but the party against whom relief is sought is entitled to notice.

3. DIVORCE — SERVICE OF PROCESS — PROSECUTING ATTORNEY — CHILD SUPPORT — ENFORCEMENT PROCEEDINGS — COURT RULES.

The court rule requiring service of process upon the prosecuting attorney in the initial proceedings for divorce where there are minor children does not require service upon the prosecutor in enforcement of support proceedings (GCR 1963, 723.2[2]).

4. PARENT AND CHILD — DIVORCE — CHILD SUPPORT — STATUTES — UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT.

The commencement of an action under the Uniform Reciprocal Enforcement of Support Act does not bar further action in an original divorce case (MCL 780.151 *et seq.;* MSA 25.225[1] *et seq.).*

*Robert J. Barnard, Jr.,* for plaintiff.

*Harry Contos, Jr.,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

T. GILLESPIE, J. On October 5, 1967, Robert Lloyd Talbot filed a complaint against his wife, Marian Jessie Talbot (Burns), for divorce.

Divorce was granted May 31, 1968. As a part of the judgment, Circuit Judge Raymond W. Fox awarded custody of the parties' four minor children, Robert Anthony, Daniel Andrew, Tammy Sue and George Richard, to the defendant wife. The judge allowed $50 a week, $12.50 for each child, as child support.

On October 6, 1970, the judgment order was modified by stipulation to change custody of Robert and Daniel, the two older boys, to the plaintiff husband and to relieve the husband of the support obligation for these children.

Again on January 27, 1971, by stipulation, an order was entered changing the custody of Tammy Sue and George to the plaintiff husband. This order also provided that all support arrearages would be expunged upon payment to the wife of $800, which apparently was never paid.

Plaintiff was served with notice, by first class mail, on June 20, 1972, that a hearing would be held on August 30, 1972, to modify custody and support. He had dismissed his counsel and elected not to appear, as he believed the court had no jurisdiction over him. After an *ex parte* hearing on August 30, 1972, with only the defendant wife testifying, the circuit judge again modified the judgment by returning custody of the two younger children, Tammy Sue and George, to the mother. In the order the judge also found a balance of $5,000 due on child support and set support of $36

---

* Circuit judge, sitting on the Court of Appeals by assignment.

per week ($18 per child) plus $10 per week on arrearages and allowed the wife attorney fees.

Immediately after this order was entered the plaintiff brought a motion for reconsideration, alleging that he had never received notice of the motion and hearing. Judge Fox denied the motion for reconsideration.

At a hearing on June 25, 1973, at which the plaintiff, who had become a resident of Illinois, appeared by attorney, Judge Fox found an additional arrearage to be $1,656 and also found the plaintiff in contempt.

On February 9, 1978, the defendant filed a motion for a money judgment in the amount of $15,296 based on arrearage of child support. The husband was served with process by regular first class mail. The plaintiff entered a special appearance through an attorney.

After a series of three hearings the court, Circuit Judge C. H. Mullen, entered a judgment for $6,656 for support to June 25, 1973, and the balance was set for evidentiary hearing August 2, 1978.

Plaintiff contended that, by oral agreement, the defendant had waived child support and that in reliance thereon the plaintiff, who had remarried and had another child, had heavily committed himself for a new home. The court found that the prior judgments by Judge Fox were res judicata because never appealed and found $8,766 to be the arrearage from June 25, 1973, to July 28, 1978, for a total of $15,422.

From this judgment the husband appeals.

The issues are stated by both appellant and appellee in slightly different terms, but they are essentially the same:

1. Can the circuit court enter a money judgment

for arrearage in child support in a post-judgment divorce proceeding?

2. Does the entry of judgment in a divorce proceeding terminate the suit thereby requiring new process to issue and to acquire personal jurisdiction for further proceedings?

3. Must the prosecutor be served as required by MCL 552.45; MSA 25.121 in every petition to modify a judgment of divorce?

4. Was the finding of the circuit court that arrearages reduced to money judgment were res judicata and denial of contest on such sums improper?

5. Does the commencement of URESA action bar further proceedings in the enforcement in the original case?

6. Did the presence of the defendant's husband, who is a judge of the Court of Appeals, during the hearing on the post-judgment action prejudice the outcome of the hearing?

## Can the Circuit Court Enter a Judgment for Arrearage in Child Support?

Child support differs from alimony in that the maintenance of a child is a common law obligation resting upon the parents. By statute, however, alimony and child support are obligations enforceable against the father and the procedure for enforcement is provided in the same statute. MCL 552.27; MSA 25.105, *West v West,* 241 Mich 679; 217 NW 924 (1928), *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949), *Corley v Corley,* 79 Mich App 499; 261 NW2d 65 (1977).

Some jurisdictions allow execution on the decree itself and each installment is considered as a

judgment for money upon which execution may
issue. *Allingham v Allingham,* 141 Colo 345; 348
P2d 259 (1959), *Brandt v Brandt,* 107 US App DC
242; 276 F2d 488 (1960).

Michigan has historically followed the rule that
there must be a petition and hearing to reduce an
alimony or support order in a divorce judgment in
equity to a judgment at law which is a final
judgment before execution may issue. The ratio-
nale of the rule is that a judgment for alimony or
support may be altered, amended or modified by
the court due to change of circumstances and is
not therefore "final" in a legal sense. *Perkins v
Perkins,* 16 Mich 162 (1867), *Taylor v Gladwin,* 40
Mich 232 (1879), *Nixon v Wright,* 146 Mich 231;
109 NW 274 (1906), *Toth v Toth,* 242 Mich 23; 217
NW 913 (1928), *St Ana v St Ana,* 353 Mich 271; 91
NW2d 292 (1958), *Kavanagh v Kavanagh,* 30 Mich
App 636; 186 NW2d 870 (1971), *Corley v Corley,
supra.*

It is only when the amounts due on support or
alimony are final and fixed that the courts of a
sister state will recognize and enforce the judg-
ment under full faith and credit commanded by
Article IV, Section 1 of the United States Constitu-
tion. *Sistare v Sistare,* 218 US 1; 30 S Ct 682; 54 L
Ed 905 (1910), *Barber v Barber,* 323 US 77; 65 S Ct
137; 89 L Ed 82 (1944).

In the instant case the circuit judge did have the
authority to reduce the divorce installments to
judgment and the procedure utilized by the defen-
dant, namely a petition followed by a hearing with
notice to the opposite party, was proper.

DOES THE ENTRY OF JUDGMENT IN A DIVORCE
PROCEEDING TERMINATE THE SUIT THEREBY
REQUIRING NEW PROCESS TO ACQUIRE PERSONAL
JURISDICTION FOR FURTHER PROCEEDINGS?

Few legal questions are as clearly answered both by the statute and case law as the proposition that the court has continuing jurisdiction in connection with custody and support to revise, alter or amend the original judgment of divorce. MCL 552.17; MSA 25.97, *Havens v Havens-Anthony,* 335 Mich 445; 56 NW2d 346 (1953), *Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753 (1972).

The reduction of arrearage to judgment is not a new cause of action but is a continuation of efforts to obtain support and maintenance for minor children, and it is not necessary that new process issue.

If the court had in personam jurisdiction when it granted the divorce decree this authorizes revision, amendment or alteration of the custody and support provisions without new process issuing. The party against whom relief is sought does, however, have a right to notice even if the court does have jurisdiction. *Pierce v Pierce,* 324 Mich 38, 44; 36 NW2d 205 (1949), Anno: *Opening or modification of divorce decree as to custody or support of child not provided for in the decree,* 71 ALR2d 1370, 1400. Such notice must be served on the party against whom relief is sought and not on the attorney who formerly represented him. *Ohlman v Ohlman,* 49 Mich App 366; 212 NW2d 75 (1973).

The attorney for the defendant served notice of hearing February 9, 1978, by first class mail for hearing February 28, 1978, at which plaintiff appeared specially by attorney and raised objection to the notice given. Several motion hearings were

held and trial was held on August 2, 1978. The plaintiff had notice and opportunity to be heard at each step; thus, no error occurred.

### Must the Prosecutor be Served as Required by MCL 552.45; MSA 25.121 in Every Petition to Modify a Divorce?

The cited statute requires notification to the prosecuting attorney in the initial proceedings for divorce where there are minor children. GCR 1963, 723.2(2).

This court in *Eigner v Eigner,* 79 Mich App 189, 198-199; 261 NW2d 254 (1977), held such statute to be jurisdictional and extended its application to modification proceedings in a custody case.

The plaintiff urges that the prosecutor must be served in every proceeding. It was the intent of the Legislature to involve the prosecutor in every proceeding as a friend of the minor children, however, there is no rationale to support the intervention of the prosecutor in enforcement proceedings.

### Was the Finding of the Court That the 1972 and 1973 Judgments Were Res Judicata and Denial of Contest on Such Sums Improper?

On June 20, 1972, the plaintiff was notified of a hearing to be held on August 30, 1972, to reduce arrearages then in existence to judgment. At the hearing the plaintiff did not appear. The judgment was taken. On September 1, 1972, the plaintiff moved for reconsideration.

In the affidavit filed supporting the motion he alleged that he had fired his attorney in May, 1972, and was without counsel and believed that he was no longer subject to the court's jurisdiction. The trial judge denied the motion for reconsidera-

tion. No appeal was taken from the 1972 proceedings or from a later judgment rendered in June, 1973. Six years later, in 1978, the plaintiff attempted to raise the question of jurisdiction. The judge ruled that the 1972 and 1973 judgments were res judicata.

The plaintiff has had opportunity for at least five years to correct any defect in the 1972 and 1973 judgments and has failed to take the necessary action to do so. The record in this case reflects no facts which would indicate the judgments were void and an attempt now to raise the question collaterally comes too late. *McKenzie v McKenzie,* 349 Mich 18; 84 NW2d 333 (1957), *Buczkowski v Buczkowski,* 351 Mich 216; 88 NW2d 416 (1958), *Banner v Banner,* 45 Mich App 148; 206 NW2d 234 (1973).

### DOES THE COMMENCEMENT OF A URESA ACTION BAR FURTHER ACTION IN THE ORIGINAL CASE?

MCL 780.154; MSA 25.255(4), which is a section of the Uniform Reciprocal Enforcement of Support Act, provides:

"The remedies herein provided are in addition to and not in substitution for any other remedies."

It has been held in several cases from other jurisdictions that this section of the Uniform Law is to be construed not merely as preserving all existing remedies intact but as providing additional remedies which are supplementary and ancillary to all existing remedies. *State of Illinois ex rel Barbara A Shannon v Sterling,* 248 Minn 266; 80 NW2d 13 (1956), *Salito v Salito,* 107 NH 53; 217 A2d 179 (1966), *Daly v Daly,* 21 NJ 599; 123 A2d 3 (1956).

Did the Presence of Defendant's Husband, Who
is a Judge of the Court of Appeals, During the
Hearing on the Post-Judgment Action
Prejudice the Outcome of the Hearing?

So far as appears, the only support for the
assertion of undue influence is plaintiff's unsup-
ported suspicions and the claim is without merit.

The judgment of the circuit court is affirmed
with costs to the defendant.

M. J. Kelly, J., concurs in the result only.