KELLEY v HANKS

Docket No. 74816. Submitted December 5, 1984, at Grand Rapids.—
Decided February 19, 1985.

In 1979, Linda Kelley, pursuant to her complaint, was divorced
from Louis E. Hanks, Sr., in Genesee Circuit Court. The judg-
ment of divorce gave custody of the two minor children of the
marriage to plaintiff and required defendant to pay child
support. In 1980, custody of the children was given to defen-
dant because of plaintiff's health problems, and, in 1981, plain-
tiff was ordered to pay child support to defendant for the child
who was still a minor. On October 22, 1982, the minor child
returned to live with plaintiff, and on November 11, 1982,
plaintiff filed with the court a petition to amend the custody
and support provisions of the judgment of divorce, seeking
custody of the child and an order directing defendant to pay
child support. A copy of this motion was served on defendant.
Defendant filed neither an answer nor an appearance. Because
defendant neither filed an appearance or answer, a default was
filed by plaintiff's attorney on January 21, 1983. A hearing on
plaintiff's motion was held on January 31, 1983. Defendant did
not appear at that hearing, he not having been served with
notice of the hearing. The trial court, Earl E. Borradaile, J., by
an order dated February 22, 1983, amended the judgment of
divorce, ordering defendant to pay child support of $108.18 per
week, with such support being made retroactive to the date of
the filing of plaintiff's petition, November 11, 1982. A copy of
the amended judgment was sent to defendant on March 4,
1983. On March 10, 1983, defendant filed a motion to set aside
the amended judgment on the ground that he had been served
with neither a summons nor notice of the hearing on plaintiff's
motion to amend. Plaintiff argued that, because defendant had
filed neither an answer nor appearance, plaintiff had no obliga-
tion to serve either a summons or notice of hearing on defen-

References for Points in Headnotes

[1-3] 24 Am Jur 2d, Divorce and Separation §§ 967, 1003 et seq., 1021,
1078 et seq.
Power of court to modify decree for support of child which was
based on agreement of parties. 61 ALR3d 657.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 1008, 1090.

dant. The trial court thereafter set aside the support portion of the February 22, 1983, order and, after receiving an updated report by the Friend of the Court, ordered that defendant pay child support of $98.20 per week payable from April 25, 1983. Plaintiff filed a motion for a new trial or to set aside the April 25, 1983, order. The trial court denied the motion, holding that defendant should have been served with both a summons and notice of hearing. Plaintiff appeals. *Held:*

1. To the extent that the trial court rested its setting aside of the February 22, 1983, order amending the judgment of divorce on the failure of plaintiff to serve upon the defendant a summons, the trial court erred, since a motion to amend child custody and support provisions of a judgment of divorce is not a new cause of action, but is rather an act taken under the continuing jurisdiction of the court to revise, alter or amend those provisions of the judgment of divorce.

2. The trial court properly set aside the February 22, 1983, order on the basis of the failure of plaintiff to give defendant notice of the hearing on her motion. Defendant was entitled to such notice, and defendant's failure to file an answer or appearance did not relieve plaintiff of the duty to give notice of the time and place of the hearing on her motion.

Affirmed.

1. DIVORCE — COURTS — JURISDICTION — CUSTODY — CHILD SUPPORT — SERVICE OF PROCESS.

A court granting a divorce has continuing jurisdiction to revise, alter or amend the judgment with respect to child custody or support; since proceedings to change the child custody or support provisions of a judgment of divorce are not a new cause of action, the party moving for the amendment of those provisions need not serve upon the opposing party a new summons (MCL 552.17; MSA 25.97).

2. DIVORCE — CUSTODY — CHILD SUPPORT — AMENDMENT OF JUDGMENTS — NOTICE OF HEARING.

Action on a motion to amend the child custody or support provisions of a judgment of divorce is not properly taken unless the moving party serves upon the nonmoving party both a copy of the motion to amend and written notice of the time and place of the hearing; service of the motion alone, where such motion does not include a notice of hearing, does not satisfy the requirement that notice of hearing be given (GCR 1963, 107.1[1], 108.4, 110.2[1]).

3. DIVORCE — CUSTODY — CHILD SUPPORT — MOTIONS — AMENDMENT OF JUDGMENTS — NOTICE OF HEARING.

The failure of the nonmoving party to answer a motion to amend

the child custody or support provisions of a judgment of divorce does not act to relieve the moving party from the duty to serve upon the nonmoving party a notice of hearing on the motion, since there is no requirement that the nonmoving party file an answer to a motion.

*Arthalu Lancaster,* for plaintiff.

*Thomas C. Stipes,* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and R. E. ROBINSON,* JJ.

R. B. BURNS, J. In this appeal we are asked to decide the validity of the trial court's order of May 27, 1983, which vacated a January 31, 1983, order amending child support provisions in a 1979 judgment of divorce. The January 31, 1983, order was entered on default after defendant failed to file an appearance or answer plaintiff's motion for a change in custody of the child and for child support. Though defendant was served with a copy of the motion, no notice of the hearing on the motion was given defendant. At issue is the right of a circuit court to issue an order amending child support provisions in a previously granted judgment of divorce where the defendant has been served with a copy of the motion for support but has received no notice of the date or time of the hearing thereon.

In June, 1979, the parties were divorced. Custody of the two minor children was given to plaintiff and defendant was ordered to pay support. Early in 1980, plaintiff experienced health problems and custody of the children was awarded to defendant by court order. In January, 1981, the defendant petitioned the court for support from

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

the plaintiff and on August 18, 1981, plaintiff was ordered to pay $20 a week for the support of the child who was still a minor, Vincent. Vincent remained with his father until October 22, 1982, when he returned to live with plaintiff, who on November 11, 1982, filed a petition asking that custody of Vincent be given to her and that defendant be ordered to pay support. A copy of plaintiff's motion was served on defendant who failed to answer or file an appearance.

Because defendant neither appeared nor answered, a default was filed on January 21, 1983. On January 31, 1983, the matter was heard without notice to defendant. At the hearing the trial court granted plaintiff's motion and thereafter issued an order, dated February 22, 1983, awarding custody to plaintiff and instructing defendant to pay $108.18 a week support for Vincent. The order of support was made retroactive to November 11, 1982, the date plaintiff filed her petition.

A copy of the amended judgment was sent to defendant on March 4, 1983. On March 10, 1983, defendant filed a motion to set aside the amended judgment of divorce. On April 25, 1983, the trial court agreed to set aside that part of the order requiring defendant to pay $108.18 a week support, but declined to change the provision giving custody to plaintiff. The court asked for an updated Friend of the Court report and, following a hearing May 27, 1983, defendant was ordered to pay $98.20 a week child support retroactive to April 25, 1983. All arrearages accrued between January 31 and April 25, 1983, were forgiven. Plaintiff brought a motion for a new trial or to set aside the amended judgment of divorce. At the hearing on that motion the trial judge explained that he set aside the February 22, 1983, order because plaintiff had failed to serve defendant

with a summons and notice of hearing along with her motion seeking custody and child support.

While plaintiff appeals from the trial court's denial of her motion for new trial, the underlying dispute concerns the trial judge's decision to set aside the February 22, 1983, order. The issue raised apparently is of first impression. GCR 1963, 528.3 allows the trial court to relieve a party from a final judgment, order, or proceeding for the following reasons:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under sub-rule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Plaintiff contends that, since a proceeding to modify a judgment of divorce is not a new and independent action requiring the service of a new summons along with the petition for child support, defendant's failure to respond to the pleading or to enter an appearance denied him the right otherwise conferred on him under GCR 1963, 107.1(1) to be served with copies of every written paper subsequently filed therein, including notice of the hearing on the motion seeking child support. Defendant argues that, even though a new summons is not required, due process requires notification of the hearing date so that defendant may appear and defend. Though the dollar amounts involved

are relatively small, the issue raised is of considerable importance to the practicing bar. Surprisingly, it has not been specifically addressed heretofore.

To the extent that the trial court arrived at its decision based on a belief that a new summons was necessary, the court erred. A trial court has continuing jurisdiction in connection with custody and support to revise, alter, or amend the original judgment of divorce. MCL 552.17; MSA 25.97; *Havens v Havens-Anthony,* 335 Mich 445, 450-451; 56 NW2d 346 (1953); *Ovaitt v Ovaitt,* 43 Mich App 628, 634; 204 NW2d 753 (1972). Thus, if the court had *in personam* jurisdiction when it granted the divorce, the court has the authority to revise, amend, or alter the custody and support provision without new process issuing. *Talbot v Talbot,* 99 Mich App 247, 253; 297 NW2d 896 (1980). As service of a summons is part of service of process, GCR 1963, 105, plaintiff was not required to issue a new summons along with a copy of her motion to amend custody and support. See also, *VanDivort v VanDivort,* 165 Ohio St 141; 134 NE2d 715, 718 (1956).

However, we do not believe the trial court erred when it ruled that the defendant was entitled to a notice of the hearing on the motion for support. Under Michigan court rules, service of the motion for increased support and custody does not fulfill the requirements for notice. GCR 1963, 108.4 requires the service of a written motion and notice of hearing thereon no later than four days before the hearing unless the rules or the trial court authorizes a different period. GCR 1963, 110.2(1) allows the motion and the notice of hearing thereof to be combined in the same instrument. In our opinion, the foregoing rules contemplate the

service on a party of a copy of the motion and of a notice of hearing.

This view is supported by this Court's opinion in *Ohlman v Ohlman,* 49 Mich App 366; 212 NW2d 75 (1973). There, the plaintiff wife served a copy of her motion for increased child support and a notice of hearing on the defendant husband's former attorney. When the defendant failed to respond, the trial court entered an order granting the plaintiff's motion. The defendant then requested relief from the judgment, arguing that the defective service deprived him of his opportunity to be heard. The plaintiff replied that the defendant had actual notice of the proceeding because his former attorney discussed the matter with her attorney over the telephone prior to the hearing. An affidavit from the plaintiff's attorney was presented, supporting the plaintiff's claim. 49 Mich App 367-368. This Court ordered the trial court to give the defendant a hearing. 49 Mich App 370. In so ruling, this Court declined to decide the question of whether the defendant had actual notice, since the record was unclear as to whether the defendant's former attorney informed the defendant as to when and where the plaintiff's motion would be heard. 49 Mich App 368, fn 1. Thus, *Ohlman* stands for the proposition that notice of the hearing on the motion for increased support must be given to the opposite party. Service of the motion alone is not enough.

Also, as mentioned earlier, GCR 107.1(1) requires a party to serve every written paper on any party who has filed a pleading or a motion. Commentators Jason L. Honigman and Carl S. Hawkins interpret the term "written paper" to include "every written motion, order, stipulation, notice, appearance, etc. * * *". 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 152.

While plaintiff argues that defendant's failure to answer her motion deprived him of his right to notice of the hearing, just as the failure to answer a complaint or otherwise appear deprives a defendant of the right to notice of further proceedings, GCR 1963, 107.1(2), we observe that GCR 110.1 requires a defendant to answer the complaint. This Court is unaware of any court rule, nor does plaintiff cite a court rule, requiring a defendant to answer a motion.

Moreover, the purpose of any notice is to give the opposing party an opportunity to be heard. *White v Sadler,* 350 Mich 511, 518; 87 NW2d 192 (1957). In our opinion, a party cannot be provided a meaningful opportunity to be heard if he or she does not have notice of when or where the hearing on the motion is going to be held. Accordingly, we find that the trial court did not err in denying plaintiff's motion for a new trial.

Affirmed. Costs to defendant.