DITTENBER v RETTELLE

Docket No. 95316. Submitted May 12, 1987, at Lansing. Decided
     August 18, 1987.
     Plaintiff, Candace K. Dittenber, and defendant, Keith Rettelle,
     were divorced by order of the Arenac Circuit Court in 1973.
     Plaintiff was granted custody of the parties' minor child and
     defendant was ordered to pay child support of $20 per week. In
     1982, plaintiff filed a petition to increase child support. Defen-
     dant, in the meantime, had remarried and moved to Louisiana.
     Plaintiff's counsel sent a summons and copy of the petition to a
     sheriff in Louisiana to procure service on defendant. Defendant,
     a long-haul truck driver, was never personally served because
     he was not at home, but his wife and mother were notified of
     the petition and the hearing on the petition. The Arenac
     Circuit Court entered an order allowing substituted service on
     any member of defendant's family of a suitable age and discre-
     tion at his mother's residence and by sending by registered
     mail a copy of the complaint and the order to defendant at his
     usual place of abode. Defendant's mother was served with the
     summons and petition. A hearing was held on April 29, 1983,
     but defendant was not present at the hearing. The court
     entered an order increasing the amount of child support defen-
     dant must pay to $46 per week. The minor child turned
     eighteen on September 12, 1985, and defendant was $3,795 in
     arrears on the child support at that time. A show cause
     hearing was ordered by the court, and when defendant failed to
     appear, he was held in contempt of court and a bench warrant
     was issued for his arrest. Defendant was arrested on the
     warrant. He posted a $1,000 bond, which was applied toward

REFERENCES

Am Jur 2d, Divorce and Separation §§ 426, 986, 997, 999, 1003 *et
     seq.*
Am Jur 2d, Judgments §§ 671 *et seq.*
Effect of filing of notice of appeal on motion to vacate judgment
     under Rule 60(b) of Federal Rules of Civil Procedure. 62 ALR Fed
     165.
Power of court, on its own motion, to modify provisions of divorce
     decree as to custody of children, upon application for other relief.
     16 ALR2d 664.

the child support arrearage. On June 12, 1986, defendant filed a motion to set aside the order increasing child support contending that he never received notice or copies of the petition to increase child support or a summons and that his only knowledge of the petition was in April, 1984, when his mother told him about it. At the hearing to set aside the order increasing child support, defendant argued that the order was void for lack of service and, since the child had turned eighteen, the court could no longer order retroactive support as it had lost jurisdiction over the child. The court, Carl L. Horn, J., denied defendant's motion, finding under the circumstances that notice had been given to defendant. Defendant appealed.

The Court of Appeals *held:*

1. Service of process was not necessary to acquire personal jurisdiction over defendant before considering plaintiff's petition.

2. Defendant was adequately notified of the pendency of the plaintiff's petition and the hearing thereon.

3. Defendant admitted that he was aware of the proceedings in April, 1984, but he did not enter an appearance until June, 1986, almost three years after the order was entered increasing child support. Under the court rules, defendant is precluded from asserting lack of personal notice as grounds for setting aside the order.

Affirmed.

1. DIVORCE — JURISDICTION — CUSTODY — CHILD SUPPORT — SERVICE OF PROCESS.

A court granting a divorce has continuing jurisdiction to revise, alter or amend the judgment with respect to child custody or support; since proceedings to change the child custody or support provisions of a judgment of divorce are not a new cause of action, the party moving for the amendment of those provisions need not serve upon the opposing party a new summons (MCL 552.17; MSA 25.97).

2. JUDGMENTS — RELIEF FROM JUDGMENTS — COURT RULES.

A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within one year after final judgment seeking relief therefrom (MCR 2.612[B]).

*Robert J. Eppert,* for plaintiff.

*Patrick R. Winter,* for defendant.

Before: MACKENZIE, P.J., and HOOD and J. P. SWALLOW,* JJ.

PER CURIAM. Defendant appeals as of right from the trial court's denial of his motion to set aside an order increasing child support. We affirm.

The parties were married on July 1, 1967, and had one child, Wendy, born September 12, 1967. Plaintiff-wife filed a complaint for divorce on September 18, 1972. A default judgment of divorce was entered on May 4, 1973, awarding custody of the child to plaintiff and ordering child support of $20 per week to be paid by defendant.

On September 30, 1982, plaintiff filed a petition to increase child support. Defendant by that time had apparently remarried and moved to Louisiana. Plaintiff's counsel sent a summons and copy of the petition to a sheriff in Louisiana to procure service on defendant. In December, 1982, plaintiff's counsel was informed that service could not be made because, although defendant's wife was at their residence, defendant, a long-haul truck driver, had not been home since the summons was issued. Plaintiff's counsel's office mailed to defendant a copy of the notice of hearing and petition in December, 1982, and again in February, 1983. On March 21, 1983, plaintiff's attorney filed a motion to allow service of process by substitution on a suitable member of defendant's family. An order allowing substituted service was entered the same day. The order stated:

> [S]ervice of process may be made upon the said defendant by leaving summons, a copy of the complaint, in this action, and a copy of this order with any member of the defendant's family, being of suitable age and discretion, at the defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mother's residence, and by sending summons, and a copy of the complaint, and a copy of his order to the defendant by registered mail, addressed to him at his usual place of abode.

Defendant's mother, Mrs. John Doran, was served with the summons and petition on March 31, 1983. The record does not contain proof that defendant was served with a copy of the petition by registered mail or otherwise. A notice of hearing dated April 18, 1983, addressed to defendant appears in the lower court file and plaintiff's counsel has represented to this Court and to the trial court that a copy was sent to defendant, but we find no proof of service of the notice in the court file.

A hearing on plaintiff's petition was held on April 29, 1983. Although no transcript of the hearing has been provided to this Court, the parties agree that defendant was not present. An order was entered on August 26, 1983, increasing child support to $46 per week, the amount recommended by the Friend of the Court following receipt from defendant on April 11, 1983, of his financial information. The Friend of the Court sent defendant a copy of the order increasing child support in August, 1984, and again in 1985.

Wendy turned eighteen on September 12, 1985. Defendant was $3,795 in arrears on his child support. When defendant did not appear for a show cause hearing as ordered by the trial court, he was held in contempt of court and a bench warrant for his arrest was issued on February 28, 1986. Defendant was apparently arrested on the warrant; his $1,000 bond was applied toward the child support arrearage.

On June 12, 1986, defendant filed a motion to set aside the order increasing child support. At-

tached to the motion were the affidavits of defendant and his mother. Defendant averred that he never received notice or copies of the petition to increase child support or a summons and that his only knowledge of the petition was in April, 1984, when his mother first told him about it. Defendant's mother, Pauline Doran, averred that she did not inform defendant of the petition until at least a year after she was served and that she never received a notice of hearing regarding the petition.

At the hearing on defendant's motion to set aside the order increasing child support, defendant argued that the order was void for lack of service and, since Wendy had turned eighteen, the court could no longer order retroactive support as it had lost jurisdiction over the child. Plaintiff's counsel, on the other hand, argued that plaintiff had complied with the court's order allowing substitute service and had sent three notices of hearing, in addition to contacts between defendant and the Friend of the Court. After considering these arguments, the court denied defendant's motion, stating "I think under the totality of everything here, what the file indicates, what [the Friend of the Court] has told us, indicates that, as far as the Court is concerned, there was notice given."

On appeal, defendant contends that the trial court erred in denying his motion to set aside the order increasing child support because (1) the court's order allowing substitute service did not comply with GCR 1963, 105.2(1) (in effect when the order was entered), governing service of process, (2) plaintiff did not comply with the court's order allowing substitute service of process, (3) plaintiff did not comply with GCR 1963, 105.2(1), and (4) plaintiff did not comply with RJA § 1913(1)(a), MCL 600.1913(1)(a); MSA 27A.1913(1)(a), governing

substitute service of process. According to defendant, as a result of this noncompliance the court lacked jurisdiction over defendant when it entered the order increasing child support, making the order void.

Each of defendant's contentions fails in its essential premise, that service of process was necessary to acquire personal jurisdiction over defendant before considering plaintiff's petition.

> A trial court has continuing jurisdiction in connection with custody- and support to revise, alter, or amend the original judgment of divorce. MCL 552.17; MSA 25.97; *Havens v Havens-Anthony,* 335 Mich 445, 450-451; 56 NW2d 346 (1953); *Ovaitt v Ovaitt,* 43 Mich App 628, 634; 204 NW2d 753 (1972). Thus, if the court had *in personam* jurisdiction when it granted the divorce, the court has the authority to revise, amend, or alter the custody and support provision without new process issuing. *Talbot v Talbot,* 99 Mich App 247, 253; 297 NW2d 896 (1980). As service of a summons is part of service of process, GCR 1963, 105, plaintiff was not required to issue a new summons along with a copy of her motion to amend custody and support. See also, *VanDivort v VanDivort,* 165 Ohio St 141; 134 NE2d 715, 718 (1956). [*Kelley v Hanks,* 140 Mich App 816, 821; 366 NW2d 50 (1985).]

The issue in this case, therefore, is not whether the order increasing child support was void due to defective service of process. Service of process, substitute or otherwise, was simply not required.

Motions to set aside an order of the trial court are governed by MCR 2.612. A trial court's determination on a motion to set aside a prior judgment or order is discretionary and will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Lark v The Detroit Edison Co,* 99 Mich App 280; 297 NW2d 653 (1980). We find no such

abuse of discretion in this case. Like the trial court, we are satisfied that, under all the circumstances, defendant must have been on notice of the pendency of plaintiff's petition. The file contains proof that defendant was twice sent a notice of hearing on the petition. Defendant has never asserted that these were sent to the wrong address. The Friend of the Court had successfully reached defendant prior to the hearing, and in fact received from him financial information in preparation for the hearing on plaintiff's petition. Defendant's mother was aware of the petition and it appears that his second wife knew of the attempts to serve him with papers.

Even if we were to disagree with the trial court's determination that defendant was adequately notified, we would be constrained to affirm the decision of the trial court on the basis that it reached the right result for the wrong reason. See, e.g., *Leszczynski v Johnston,* 155 Mich App 392; 399 NW2d 70 (1986). MCR 2.612(B) provides:

> A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just.

In this case, the court had acquired personal jurisdiction over defendant. See *Kelley v Hanks, supra.* Defendant did not enter an appearance until June 12, 1986, almost three years after the order in-

creasing child support was entered, despite the fact that, by his own admission, he was aware of the proceedings no later than April, 1984. Accordingly, under MCR 2.612(B), defendant is now precluded from asserting lack of personal notice as grounds for setting aside the order.

Affirmed. Plaintiff's request for attorney fees is denied.